Woolery, Adm'r, v. The Louisville, New Albany and Chicago Railway Co.

---

No. 12,623.

Woolery, Administrator, v. The Louisville, New Albany and Chicago Railway Company.

Negligence.—*Railroad.*—*Freight Train Passengers.*—*Assumption of Risks.*— *Care Required of Company.*—*Presumption.*—When a person becomes a passenger on a freight train, he assumes the risks necessarily and rea-sonably incident to being carried by that method; but it is the duty of

the railway company to exercise the highest degree of care for the safety of such passengers, consistent with the usual and practical operation of freight trains, and the same presumptions arise in favor of a passenger who is injured while submitting to the regulations of the company as in the case of a passenger on any other train.

SAME.—*Jumping from Train to Escape Apprehended Danger.—Contributory Negligence.*—If one, induced by groundless fear, leaps from a car while the train is in rapid motion and is killed, when there is no reasonable cause to apprehend danger to life or limb, then, even though the railroad company is guilty of negligence in loading a lumber car, which, by reason of the lumber falling off and striking the car occupied by the passenger, causes the latter's alarm, there can be no recovery.

SAME.—*When there May be a Recovery.*—It is only where, by the negligence or misconduct of another, one is put to the choice of adopting the alternative of an attempt to escape, or of remaining under an apparently well grounded apprehension of serious personal injury, that there can be a recovery for an injury received in pursuing the former course.

SAME.—*Instruction.—Duty of Court.*—It is the duty of the court to instruct the jury as to what facts, within the issues in the case, if established by proof, will or may, under the circumstances, constitute contributory negligence, leaving to the jury the duty of discovering whether such facts and circumstances are proved.

INSTRUCTION TO JURY.—*When Erroneous Instruction not Available for Reversal of Judgment.*—A judgment will not be reversed upon an erroneous instruction, when it affirmatively appears from answers to interrogatories that the instruction complained of was not influential in inducing the verdict.

From the Washington Circuit Court.

*J. W. Buskirk* and *H. C. Duncan*, for appellant.

MITCHELL, J.—This was an action by the administrator of Andrew H. Woolery, deceased, against the railway company above named, to recover damages for the benefit of the widow and children of the deceased, for negligently causing the intestate's death.

The complaint was in four paragraphs. In each paragraph it is charged that the deceased was a passenger on one of the defendant's freight trains, going from Bloomington to Harrodsburg, in Monroe county. While being so carried, it is alleged that the lumber on a flat car immediately preceding the caboose, in which the decedent was seated, became loose,

and fell off in confusion, and that the deceased jumped or was thrown from the caboose and killed.

The first paragraph charges negligence against the company, in that the lumber on the flat car was improperly loaded and insecurely stayed.

The second charges that the lumber car was improperly loaded, and that the train was run at an immoderate and dangerous rate of speed.

The third paragraph charges that the car was unskilfully and negligently loaded, and that the train was recklessly, negligently and dangerously run.

The fourth charges that the car was loaded in a wilfully reckless and dangerous manner, and that the train was run with wilful, reckless and gross negligence.

Upon an issue made by the general denial, the case has been twice tried at *nisi prius*, resulting in a verdict each time in favor of the defendant.

The evidence in the record tends to show that the deceased was a man in vigorous health, about forty-eight years old. That he went as a passenger on one of the defendant's freight trains, and for a time occupied a seat provided for passengers, after which he stood by the door at the side of the car, supporting himself by holding to an iron rod which ran horizontally with the top of the door. While in that position, the train running fourteen or fifteen miles an hour, the stakes and fastenings, which held the lumber on a flat car immediately in advance of the caboose, gave way, and part of the lumber fell off. Some of it was strewn along the track, and some came against the caboose, making considerable noise and creating some confusion. Neither the caboose nor any of the cars left the track. No injury was done to the caboose, except that some of the lumber in falling broke one of the windows, and one of the door hinges was broken. The passengers seated in the caboose, of whom there were several, sustained no injury. The deceased jumped out of the open

door near which he was standing, and was found dead when the train was stopped.

In answer to special interrogatories, returned with their general verdict, the jury found that the freight train was run at the rate of speed at which such trains are usually run, but that the lumber car was not loaded and fastened in the ordinary secure way for loading and fastening lumber cars.

They also returned that there was not sufficient cause for alarm at the time the deceased jumped from the caboose, to cause a prudent man similarly situated to make such a jump.

They returned, furthermore, that it was an act of imprudence for the deceased to stand in the door of the caboose while the train was running in the manner described.

It thus appears that while the jury found the defendant guilty of negligence in improperly loading the lumber car, their verdict in its behalf was predicated on the fact that the decedent had been guilty of contributory negligence, which resulted in his death.

At the proper time the court instructed the jury as to the facts necessary to be proved in order to render the defendant liable under each of the several paragraphs of the complaint. The facts imputing negligence to the defendant, as stated in each paragraph of the complaint, were repeated in substance in separate instructions, and the jury were told that in order to warrant a finding for the plaintiff under the particular paragraph to which the instruction applied, the facts therein recited must have been substantially proved.

It is now urged that these instructions were erroneous, in that they required the plaintiff to prove more than was necessary in each case, in order to establish the defendant's negligence. However this may be, since it affirmatively appears from the answers to special interrogatories, that the jury found the defendant guilty of negligence, and that their verdict in its favor was the result of finding the decedent guilty of contributory negligence, it is certain that the instructions, in reference to this feature of the case, were not prejudicial to

the plaintiff. "A judgment will not be reversed upon an erroneous instruction, when it affirmatively appears from answers to interrogatories that the instruction complained of was not influential in inducing the verdict." *Cleveland, etc., R. R. Co.* v. *Newell*, 104 Ind. 264. *Barnett* v. *State*, 100 Ind. 171.

In so far as the instructions complained of informed the jury that it was necessary for the plaintiff to prove by a preponderance of the evidence, that the lumber car was improperly or negligently loaded, they were not in all respects accurate. If the falling lumber had occasioned the death of the intestate, without his fault, while he was being carried as a passenger, the mere fact that it fell from the car would have raised such a presumption of negligence against the defendant as would have called upon it for explanation. *Cleveland, etc., R. R. Co.* v. *Newell*, *supra*, and cases cited.

Where a person becomes a passenger on a freight train, he assumes the risks and inconvenience necessarily and reasonably incident to being carried by the method which he voluntarily chooses. It is, however, the duty of the railway company, when it undertakes to carry passengers on freight trains, to exercise the highest degree of care for their safety, consistent with the usual and practical operation of such trains, and it is responsible for any negligence which results in injury to a passenger, while being so carried. The same presumptions arise in favor of a passenger, who is injured on a freight train while passively submitting to the regulations of the company, in respect to such trains, as in the case of a passenger on any other train.

Upon the subject of contributory negligence, the court instructed the jury, in substance, that if the deceased jumped from the car, while the train was running at the rate of fourteen or fifteen miles an hour, he was guilty of such contributory negligence as would defeat a recovery, unless, at the time, the circumstances were such as reasonably to have in-

duced a man of ordinary prudence to believe that his life was in danger, or that he was in danger of suffering great bodily harm, so that he was impelled to leap from the car in order to escape reasonably apprehended danger.

It is said, in criticism of the instructions on that subject, that the question of contributory negligence was a question of fact to be determined by the jury.

It was the exclusive province of the jury to ascertain the facts, and apply them when ascertained to the law, and return their general verdict accordingly. In doing this, however, they were to be guided by proper instructions from the court as to the law of the case. In that connection it was the duty of the court to instruct the jury what facts within the issues in the case, if established by the proof, would or might, under the circumstances, constitute contributory negligence, leaving to the jury the duty of discovering whether such facts and circumstances were proved or not. Simply to have told the jury that the plaintiff must have been free from contributory negligence, without stating what facts might constitute contributory negligence, would have been to leave the jury without any direction whatever in respect to the legal effect of the facts in the case. The practical result of the doctrine contended for would be to submit both the law and the facts to the determination of the jury.

It can not be maintained that a civil case can arise in which the court is incompetent to declare the law upon the facts, when the facts are either admitted or satisfactorily proved. Where the essential facts are ascertained in any case, the litigants have a right to call upon the court to declare the law. *Wannamaker* v. *Burke*, 111 Pa. St. 423.

If the court can do nothing more than deal in abstract generalities in its charge, then in every case involving negligence the jury are left at sea, a law unto themselves. It is the duty of the court, in every case in which a general verdict is to be returned, to instruct the jury as to the force and legal effect of the facts which may have been proved within the issues.

*Conner* v. *Citizens St. R. W. Co.*, 105 Ind. 62, and cases cited; *Pittsburgh, etc., R. R. Co.* v. *Spencer*, 98 Ind. 186; *Pennsylvania Co.* v. *Marion*, 104 Ind. 239; *Binford* v. *Johnston*, 82 Ind. 426 (42 Am. R. 508); *Drinkout* v. *Eagle Machine Works*, 90 Ind. 423; *Bruker* v. *Town of Covington*, 69 Ind. 33 (35 Am. R. 202); *Zimmerman* v. *Hannibal, etc., R. R. Co.*, 71 Mo. 476 (S. C., 2 Am. & Eng. R. R. Cases, 191); *Railroad Co.* v. *Depew*, 40 Ohio St. 121.

It may be true that a particular act can not always be designated as negligent or otherwise until the surrounding circumstances which may have governed and controlled the actor are satisfactorly established. When, however, the act and all the surrounding facts and circumstances are beyond dispute, the court must declare the law one way or the other upon the facts. *Toledo, etc., R. W. Co.* v. *Goddard*, 25 Ind. 185, 192.

If the plaintiff's intestate, induced by groundless fear, leaped from the car when there was no reasonable cause to apprehend danger to life or limb, then, even though the railroad company was guilty of negligence in loading the lumber car, its negligence did not proximately cause the intestate's death, and no recovery could have been had. Railroads are not responsible for the rashness or folly of passengers. *Jeffersonville, etc., R. R. Co.* v. *Swift*, 26 Ind. 459, 476; *Railroad Co.* v. *Aspell*, 23 Pa. St. 147.

When, by the negligence or misconduct of one, another is suddenly put in peril, if the person so imperiled, while under the impulse of an apparently well grounded fear, seeks to escape, and suffers injury from another source, the author of the original peril is answerable for all the consequences which ensued, provided that in attempting to make his escape the injured person exhibited such conduct as might reasonably have been expected from an ordinarily prudent person under similar circumstances. The inquiry in such a case always is, did the negligence of the defendant put the injured person to the choice of adopting the alternative of an attempt to

escape, or to remain under an apparently well grounded apprehension of serious personal injury? Did he act with ordinary prudence, considering all the circumstances which surrounded him, or was his injury the result of a rash apprehension of danger which did not exist?

If a man, wrongfully menaced with a switch, should purposely leap over a dangerous precipice in order to escape a possible stroke, it would hardly be claimed that he could recover for an injury caused by the leap. So, if the intestate voluntarily leaped from a train, while it was moving at a rate of speed which made death or great bodily harm inevitable, he was guilty of negligence arising to the degree of rashness, unless the falling lumber produced such a condition of things as reasonably to have induced in his mind the belief that to remain would result in great bodily harm. *Jones* v. *Boyce*, 1 Stark. 402; *Stokes* v. *Saltonstall*, 13 Peters, 181; *Card* v. *Ellsworth*, 65 Maine, 547 (20 Am. R. 722); *Sears* v. *Dennis*, 105 Mass. 310; *Wilson* v. *Northern Pacific R. R. Co.*, 26 Minn. 278 (37 Am. R. 410); *Buel* v. *New York Central R. R. Co.*, 31 N. Y. 314; *Pittsburgh City* v. *Grier*, 22 Pa. St. 54; *Indianapolis, etc., R. R. Co.* v. *Stout*, 53 Ind. 143.

The instructions relating to the subject of contributory negligence were in consonance with the principles above stated. They were therefore not erroneous.

What has been said disposes of all the questions made upon the subject of instructions, those relating to the amount of proof required to establish the defendant's negligence being, as we have before seen, disposed of by the finding of the jury of such facts as affirmatively show that the decedent was negligent.

Some question is made in respect to rulings of the court in excluding evidence offered by the plaintiff below. The evidence, the exclusion of which is complained of, was not admissible, but whether it was or not, the manner in which the question is sought to be presented is directly within the

ruling in *Higham* v. *Vanosdol*, 101 Ind. 160, and *Judy* v. *Citizen*, 101 Ind. 18, and is therefore not presented in such manner as to require further consideration.

The judgment is affirmed, with costs.

Filed Sept. 17, 1886.