Davis, C. J.
Appellee was a passenger on appellant’s train from Seymour to Scottsburgh, Austin being an intermediate station about five miles from Scottsburgh. The complaint charges that she purchased a ticket to Scottsburgh, which she delivered to the conductor, and when the train, after dark, stopped at Austin, the “conductor negligently and carelessly informed plaintiff that said station was Scottsburgh, and negligently and carelessly assisted her from said train” at Austin, etc..
*291 There was testimony tending to prove that after she entered the train the conductor took up' her ticket to Scottsburgh and that the train stopped at Austin, which was announced as Scottsburgh, and starting, stopped again, when appellee, on the information by the conductor that the place was Scottsburgh, left it with two children, one her own, a girl three years old, and the other, a boy about eight years old, in her charge. The undisputed testimony is that it was after dark and cold; that appellee inquired of a lady, a stranger to her, for the residence' of the friend in Scottsburgh she was on the way with the children to visit, when she was informed that she was at Austin instead of Scottsburgh; that, bein¿ a stranger and unacquainted in Austin, the lady showed, her .to a hotel where, after some delay and trouble, a buggy and driver were procured, and they were driven a distance of five miles to Scottsburgh, her destination, where they arrived at 10 o’clock that night. The cold and exposure of the ride made her sick, she had a very severe cold the rest of the winter, and lost time from her work. The appellee recovered $250.
The only error assigned is that the court erred in overruling appellant’s motion for a new trial.
Appellant, at the proper time, asked the following instructions:
“8. If you find for the plaintiff, then, in assessing the damages, I instruct you that you can not allow anything for plaintiff’s alleged trip from Austin to Scottsburgh.”
”9. If you find for the plaintiff, then, in assessing the damages, I instruct you that you can not allow anything for plaintiff’s alleged suffering and sickness caused by her alleged trip from Austin to Scottsburgh.”
The instructions were refused and excepted to.
The court’s sixth instruction is as follows:
*292 “If you find for the plaintiff, it will be necessary for you to assess her damages. While the jury are not authorized by law in this case to give exemplary damages, yet if the jury find for the plaintiff, full compensatory damages should be awarded, and in arriving at compensatory damages, the jury are not necessarily restricted to the naked pecuniary loss, if any. In estimating the plaintiff’s damages, in case you find for her, if you find that she acted as a person of ordinary prudence under like circumstances in taking a conveyance to Scottsburgh from Austin, considering the weather and distance, you may take into consideration her loss of time, if any, personal inconveniences in traveling by conveyance to Scottsburgh from Austin, suffering, if any, by her from cold in making this trip, her exposure and resulting sickness from making this trip, if any, suffering and distress in mind and body, all such as are the direct and proximate consequences of the wrongful acts complained of. The plaintiff can not, however, recover for any injury, inconvenience, loss or suffering which is not the direct and proximate consequence of the misconduct of defendant’s servants complained of.”
The giving of this instruction was excepted to.
The motion for a new trial assigned for causes the refusal to give appellant’s eighth and ninth instructions, and the giving of the court’s sixth instruction, as also verdict not sustained by the evidence, contrary to law. and excessive damages.
The argument of the learned counsel for appellant is based on the proposition that under the circumstances of this case the questions of proximate damages and contributory negligence were for the court, and not for the jury. In other words, the entire case, as it is presented to us, turns upon the question as to whether the court, on the facts and ciscumstances in this case, should have *293 instructed the jury that they could not allow appellee anything on account of her trip from Austin to Scottsburgh, or for her suffering and sickness caused by that trip.
It may be conceded that when, in such cdses, the evidence as to contributory negligence and proximate cause is of such a character that but one reasonable inference can be drawn therefrom, then the question involved is one for the court. Rush v. Coal Bluff Mining Co., 131 Ind. 135; Woolery, Admr., v. Louisville, etc., R. W. Co., 107 Ind. 381.
The great difficulty in this class of cases is in determining what is and what is not contributory negligence, and what constitutes a proximate consequence in contemplation of law.
In the case in hand do the facts and circumstances bring it within the above rule.
There is some conflict in the authorities bearing on the questions as to whether the act of appellee, in driving to Scottsburgh on that night, “was an act of ordinary care on her part,” and as to whether such act was the proximate result of appellant’s negligence.
The case of Texas, etc., R. R. Co. v. Cole, 27 Am. and Eng. R. R. Cas. 144, relied on by counsel for appellant, is in all substantial respects the same as the one under consideration with the exception that in the Texas case the plaintiff was under the protection of an adult male companion, and in that case the court held that the injuries for which damages were sought and recovered were proximately caused by her own negligence. See also Lewis v. Flint, etc., R. W. Co., 18 Am. and Eng. R. R. Cas. 263.
In the case of Brown v. Chicago, etc., R. W. Co., 3 Am. and Eng. R. R. Cas. 444, the Supreme* Court of Wisconsin, on facts almost identical with those in this case (with the exception that plaintiff had no knowledge *294 of a hotel in the vicinity where they got off), the judgment for damages for such injuries was sustained. The court, in the course of a well considered opinion, said: “In the case at bar the question to be determined is whether the negligent act of the defendant’s employes, in putting the plaintiffs and their child off the train in the night time, at the place where they did, was the direct cause of the injury complained of by the plaintiffs, or whether it was only a remote cause for which no action lies. We must in considering this case take it for granted that the walk from the place where they left the cars to Mauston was the immediate cause of the injury complained of, and the negligence of the defendant in putting them off the cars was the mediate cause. We think the question, whether there was any negligence on the part of plaintiffs in taking the walk, was properly left to the jury, as a question of fact, and they found that they were guilty of no negligence on their part.”
This case has been approved by our own Supreme Court. Cincinnati, etc., R. R. Co. v. Eaton, 94 Ind. 474; See also New York, etc., R. W. Co. v. Doane, 115 Ind. 435; Lake Erie, etc., R. W. Co. v. Close, 5 Ind. App. 444; Indianapolis, etc., R. W. Co. v. Pitzer, 109 Ind. 179 (188).
The negligence of appellant, in causing appellee to leave the train at Austin, is not questioned in this court, and she was then required to either secure a place to stay or to proceed to the end of her journey. She elected to go on, first going to a hotel and then securing a conveyance in which she was driven to her destination. There is no claim that the means she adopted were not the best that could be secured for the continuation of her journey, or that the injuries she received were not such as are likely to flow from such a ride on a dark, cold night at that season of the year.
*295 Now, under these facts and circumstances, can the court say, as a matter of law, that appellee was in fault in continuing her journey, or that the injuries she sustained were not the proximate result of appellant’s wrongful act.
The rule, as we understand it, is that whenever, on either the question of contributory negligence or proximate cause, there may reasonably be differences of opinion as to the inferences or conclusions which may fairly be drawn from undisputed facts, such question is one of fact to be submitted to the jury. Cincinnati, etc. R. W. v. Grames, 136 Ind. 39; Terre Haute, etc., R. R. v. Buck, Admx., 96 Ind. 346, 351.
The court can not say, as a matter of law, that the injuries she received are not such as were likely to be anticipated as naturally flowing from the negligence of appellant in causing her to leave the train at Austin, or if not such as should have been reasonably apprehended, that they were not the proximate result of that act, or that appellee was in fault in continuing her journey to the destination to which it was the duty of appellant to carry her in safety.
In the case of Terre Haute, etc., R. R. Co. v. Buck, Admx., supra, the Supreme Court said: “The only possible practical rule is that the wrongdoer, whose act is the mediate cause of the injury, shall be held for all the resulting damages, and that the question of whether his wrong was the mediate cause is one for the jury.” See Louisville, etc., R. W. Co. v. Wood, 113 Ind. 544 (567).
In our opinion the jury had the right to infer that the conduct of appellee in continuing her journey from Austin to Scottsburgh “was entirely natural and reasonable,” and that “the original wrongful act was, in the sense of the law, directly responsible for the train of injuries *296 caused by it, including any illness resulting from” the ride. Lake Erie, etc., R. W. Co. v. Close, supra.
Filed May 18, 1894;
petition for a rehearing overruled Dec. 11, 1894.
There was no error in either the giving or refusing of instructions.
Judgment affirmed.
Ross, J., absent.