## CHICAGO, R. I. & P. RY. CO. v. WOOD.

(Circuit Court of Appeals, Eighth Circuit. October 24, 1900.)

### No. 1,377.

CARRIERS—INJURY OF PASSENGER AT STATION—TERMINATION OF RELATION OF CARRIER AND PASSENGER.

The relation of carrier and passenger between a railroad company and a passenger on one of its trains is not terminated when the passenger alights at a station, until he has had a reasonable time, under all the circumstances, to leave the station; and a woman alighting at a station in the early morning, while it was dark, and who was injured immediately afterwards, by falling from the platform owing to the darkness, there being no one at the station, and no lights in or around it, is not debarred from recovering for the injury because she had formed the intention of remaining at the station until daylight.[1]

In Error to the Circuit Court of the United States for the District of Kansas.

J. D. McFarland (M. A. Low and W. F. Evans, on the brief), for plaintiff in error.

J. D. Houston, C. H. Brooks, and E. N. Smith, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. Nancy A. Wood, the plaintiff below and defendant in error, was a passenger on one of the regular pas-senger trains on the Chicago, Rock Island & Pacific Railway Com-pany, the defendant below and plaintiff in error, from Kansas City to Whitewater, a regular station on the defendant's road. The train bearing Mrs. Wood arrived at Whitewater Station about 4 o'clock on a foggy, misty morning, while it was very dark. By the aid of the light afforded by the train she got off of the car and entered the station. There was no station agent at the station, and no light in the station or on the platform or elsewhere, and when the train pulled out she was left in utter darkness. The platform of the sta-tion was three feet above the ground, and extended around the building, and had no railing. Immediately after entering the sta-tion, Mrs. Wood had occasion to seek a water-closet, and while pro-ceeding cautiously in the dark to find one, and without any negli-gence on her part, she fell from the platform to the ground, and sustained the injuries complained of. We do not understand that it is controverted that it was the duty of the railway company to have

[1] Continuance of passenger relation, see note to Railway Co. v. King, 40 C. C. A. 437.

an agent at its station, and to have its station and platform lighted, and to provide a water-closet accessible to its passengers without risk or danger. The defense in the case is this: Mrs. Wood testified that at or before the time the train arrived at the station she had made up her mind not to leave the station, and go forth in the darkness to find the residence of the friend she had come to visit; and the contention of the railway company is that this mental resolution to remain in the station until daylight terminated the relation of carrier and passenger at once, and that she cannot recover for an injury resulting from the negligence of the railway company, although it occurred immediately after she entered the station, and before she had had a reasonable time to leave it. The refusal of the circuit court to take this view of the law is assigned for error.

Assuming, but not deciding, that Mrs. Wood would have had no right to remain in the station in the character of a passenger until daylight, she did have the right to remain there and enjoy all the privileges and protection due to a passenger for a reasonable time, under all the circumstances, after alighting from the car. Confessedly that time had not elapsed when she received her injury, and it is wholly immaterial to inquire, therefore, whether it might not have elapsed at some later time after she had received her injury. She has a right to stand on her undoubted legal rights as they stood at the time she received her injury. She is not to be deprived of these rights upon a suggestion that she might have remained at the station long enough to dissolve the relation of carrier and passenger. It is enough to say that that relation had not terminated when she received her injury. A formed resolution to remain in a station for an unreasonable length of time after leaving the car does not excuse the company from performing its duty to a passenger during the time the relation of carrier and passenger continues, or, in other words, until the passenger has had a reasonable time, under all the circumstances, to leave the station. That time the plaintiff had not had when she received her injury. It not being necessary to the decision of the case, we express no opinion on the question whether, upon the facts of this case, Mrs. Wood would not have enjoyed the rights of a passenger in the station if she had remained there until daylight. The judgment of the circuit court is affirmed.