## Chicago and Alton Ry. Co. v. Leroy Tracey.

1. INSTRUCTIONS—*Not Error to Assume in an Instruction as True, a Clearly Established and Wholly Undisputed Fact.*—It is not error to assume in an instruction as true, a clearly established and wholly undisputed fact, nor is it error to omit any reference to such fact in an instruction intended to predicate the grounds upon which a recovery can be had. It is only necessary in such an instruction that all the disputed facts or issues of fact, necessary to a recovery, should be included in the instruction.

2. SAME—*Party Offering an Improper Instruction Can Not Complain of Court's Action in Modifying It.*—A party who asks the court

to give an improper instruction can not complain of the court's action in modifying it, even when the court fails to make it good.

3. CARRIER AND PASSENGER—*Relation Does Not Cease with the Arrival of the Train at the Passenger's Destination.*—The relation of carrier and passenger does not cease with the arrival of the train at the passenger's destination, but continues until the passenger has had reasonable time and reasonable opportunity to leave the premises of the carrier at the place where his journey ends; and the mere fact that he gets off the car on the side of the train opposite the depot, does not, as matter of law, make him a trespasser.

4. DAMAGES—*What Jury May Take into Consideration in Assessing in Assault and Battery Case.*—In an assault and battery case the jury, in assessing the damages, may allow compensation for the pain and suffering undergone by the plaintiff as a result of the blows inflicted, and for the humiliation, indignity, vexation and disgrace put upon him by the conduct and acts of his assailant.

**Trespass on the Case,** for assault and battery. Appeal from the City Court of Alton; the Hon. ALEXANDER W. HOPE, Judge presiding. Heard in this court at the February term, 1903. Affirmed. Opinion filed September 10, 1903.

CHARLES P. WISE, attorney for appellant.

E. G. MERIWETHER, attorney for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the City Court of Alton, by appellee against appellant, to recover for an assault and battery inflicted by an employe of appellant upon appellee. Trial by jury. Verdict and judgment in favor of appellee for $500.

The testimony in this case tends to prove that on the 13th day of May, 1902, appellee bought a ticket of appellant entitling appellee to be carried as a passenger on appellant's cars from the city of Alton to the village of Godfrey; that on appellee's arrival at Godfrey, about 10:30 o'clock at night, through mistake or ignorance he alighted on the side of the train opposite the depot, and started to walk up along the side of the train, his purpose being to reach a public road leading out into the country, where his brother-in-law lived. When he had walked about one car length

C. & A. Ry. Co. v. Tracey.

and before or about the time he had reached the public road, he was accosted by a watchman in the employ of appellant who inquired where he was going and what he was doing there. He replied he was going to his brother-in-law's. The watchman accused him of being a "hobo" and of getting off of the "blind baggage," refused to accept his statement that he was a regular passenger and had bought and rode on a ticket, and without any provocation or menace on the part of appellee, struck him a heavy blow on the head with a club about two and a half feet long and about one and a half inches in diameter, the blow knocking appellee down, and as he was getting up the watchman struck him another heavy blow on the shoulder.

There is also testimony tending to prove that appellee had been to Godfrey once before; that he knew which side of the train the depot was on; that in walking up along the side of the train he had crossed the public road leading into the country where his brother-in-law lived, and was in the yards of appellant; that there was merchandise in the freight cars in the yard and that it was necessary for appellant to keep all trespassers out of the yard to protect this merchandise from pillage and damage; that the watchman told him he was in the yards and that they did not allow strangers in the yards at night, and told him to go back to the road and follow it, if he wanted to go to his brother-in-law's; that appellee refused to go back to the road and refused to leave the yard, but kept edging toward the watchman and showed a disposition to pass him and go further into the yard; that thereupon the watchman took hold of appellee, turned him around and struck him a slight blow on the shoulder, but did not strike him on the head or knock him down.

The theory upon which appellee's case is based is that he was a passenger on appellant's train, that after reaching his destination and before he had had a reasonable opportunity to leave its premises, he was assaulted and beaten by its watchman in charge of the premises, without fault or provocation on his part.

The theory of appellant's defense is that appellee was a trespasser in its yards, and upon being ordered by appellant's watchman to leave the yards, refused to do so, and was ejected without the use of unnecessary force.

The grounds urged for reversal are, that the court erred in giving appellee's third instruction, and in modifying appellant's fifth and sixth instructions; and that the amount assessed as damages is excessive.

Appellant's third instruction is as follows:

" 3.    The court instructs the jury that it was the duty of the defendant to protect its passengers from assaults and batteries of its servants from the time they became passengers until the passengers reached their destination and had a reasonable time and opportunity to leave the defendant's premises; and if the jury believe from the evidence that plaintiff was a passenger upon defendant's train from Alton to Godfrey, and when he reached Godfrey was assaulted and beaten by the watchman of the defendant in charge of its premises at Godfrey, without any just cause, before the plaintiff had a reasonable opportunity and time to leave the defendant's premises, then the jury will find for the plaintiff and assess the damages, unless the plaintiff knowingly got off the wrong side of the train and became a trespasser in defendant's yards."

The only objection urged against this instruction is that it omits to submit to the jury the question as to whether the watchman at the time of the assault was acting in the line of his employment.    The objection is not well taken. That question was not in dispute on the trial.    The uncontradicted evidence conclusively proves that in all the watchman did he was acting in the line of his employment.    It is not error to assume in an instruction as true, a clearly established and wholly undisputed fact, nor is it error to omit any reference to such fact in an instruction " intended to predicate the grounds upon which a recovery can be had."    It is only necessary in such an instruction that all the disputed facts or issues of fact necessary to a recovery should be included in the instruction.

The court on behalf of appellant gave, as asked, among others, the following instructions :

" 3.   The jury are further instructed that the yards and track of a railroad company are private property, and a person going on a track or in the yard of the same without permission, is a trespasser; and if you further believe from the evidence that plaintiff was in the yard or on the track of the defendant without permission or right, and was ordered away by the company's watchman, and he refused to go, then the said watchman had a right to expel him therefrom, and to use such force as was necessary for that purpose; and if you further believe that that was all the watchman did to the plaintiff in this case, then you will find in favor of the defendant."

" 4.   If the jury believe from the evidence that plaintiff was a passenger on a train on defendant's road from Alton to Godfrey, and that on the arrival of the train at Godfrey the plaintiff alighted from the train at the depot and walked away from the depot and platform and into the yards or on the track of the defendant company at Godfrey, then he ceased to be a passenger, and when in said yard, was a trespasser; and if the jury further believe from the evidence the plaintiff was seen by a watchman of the defendant while in said yard, and ordered to leave the yard, and he refused to do so, and the said watchman in compelling him to do so made the assault complained of, but used no more force than was necessary, then the jury will find for the defendant."

Appellant's counsel contend that in addition to the above quoted instructions given on its behalf, it ought to have had two more, bearing upon the same feature of its defense. These were its fifth and sixth, which the court refused to give as asked, but modified them and gave them as modified. The modification of these instructions counsel insist is reversible error.

Counsel contend in their brief, that the mere fact that appellee got off the car on the side of the train opposite the depot and was thereby in appellant's yards, made him a trespasser as a matter of law; and upon this theory of the law they drew and presented to the trial court their fifth and sixth instructions. It is true that these instructions contained much proper matter of the same general character as that in instructions 3 and 4 above quoted, but they each contained the element that if appellee

" was not in the depot or upon the platform     *     *     *
but was in the yard     *     *     *     and that such yard was not
the usual place to alight from     *     *     *     trains " he was a
trespasser.

We do not agree with counsel in their view of the law
upon this subject. The relation of carrier and passenger
does not cease with the arrival of the train at the passen-
ger's destination, but continues until the passenger has had
reasonable time and reasonable opportunity to leave the
premises of the carrier at the place where his journey ends;
and whether his getting off the car on the side of the train
opposite the depot made him a trespasser, was dependent upon
the attendant facts and circumstances. The mere fact of
so getting off would not, as matter of law, make him a
trespasser. C. T. T. R. R. Co. v. Schmelling, 99 Ill. App.
577; Pennsylvania Co. v. McCaffrey, 173 Ill. 169; McKim-
ble v. B. & M. R. R. Co., 139 Mass. 542.

Appellant's third and fourth instructions, when consid-
ered in connection with appellee's third, and with the con-
tested issues of fact, present to the jury the law per-
taining to the branch of the case here under consideration,
fully and fairly. It is true that appellant's fifth and
sixth instructions, as modified and given, do not correctly
state the law. If the modifying words had been so placed
in the body of the instructions as to bear upon the errors
the judge evidently intended to correct, they might have
served a proper purpose. As they are placed, at the end
of long instructions, they are subject to just criticism, but
each of these instructions was bad before the court modi-
fied it; and one who asks the court to give an improper
instruction can not complain of the court's action in modi-
fying it, even when the court fails to make it good. Crown
Coal and Tow Company v. Taylor, 81 Ill. App. 66; Ryan
v. Donnelly, 71 Ill. 100.

As to the amount of the verdict, we can not say it is
excessive. The jury resolved any disputed issues of fact
in favor of appellee, and the state of the evidence fully
warrants this conclusion. · It was for the jury to assess

the damages, and in doing so they might allow compensation for the pain and suffering undergone by him as a result of the blows inflicted, and for the humiliation, indignity, vexation and disgrace put upon him by the conduct and acts of his assailant. C. & N. W. Ry. Co. v. Williams, 55 Ill. 185.

We find no error in this record warranting a reversal of the judgment. The judgment of the Circuit Court is affirmed.