## GLENN *v.* LAKE ERIE & WESTERN RAILROAD COMPANY.

[No. 20,717.  Filed October 6, 1905.  Rehearing denied December 14, 1905.]

1. CARRIERS.—*Railroads.—Passengers.—When Relation Exists.*— The relation of passenger and carrier by rail does not terminate until the passenger has arrived at his destination, alighted, and had a reasonable time in which to leave the place of discharge. p. 660.

2. SAME. — *Railroads.—Passengers.—Departure from Station.— Question of Reasonable Time for Jury.*—Where a passenger is injured on his departure from the destination station of the carrier railroad, the question whether he delayed his departure from such station an unreasonable time is usually one for the jury.  p. 660.

3. SAME.—*Railroads.—Passengers.—Departure from Station.— Reasonable Time.—When for Court.*—Where a passenger delayed at the station ten or fifteen minutes talking, joking and singing, after alighting from the train, and thereafter in passing from the station grounds he fell and injured himself, the court can say as a matter of law that he was no longer a passenger.  p. 661.

From Warren Circuit Court; *Joseph M. Rabb,* Judge.

Action by James Glenn against the Lake Erie & Western Railroad Company.  From a judgment for defendant, plaintiff appeals.  Transferred from Appellate Court under subd. 2, §1337j Burns 1901, Acts 1901, p. 565, §10. *Affirmed.*

*Thompson & Storms* and *Charles V. McAdams,* for appellant.

*John B. Cockrum* and *Stuart, Hammond & Simms,* for appellee.

MONTGOMERY, J.—This action was brought by appellant to recover for a personal injury caused by falling over a railroad tie upon appellee's station grounds.  The cause was

tried by a jury, and, after hearing the evidence and argument of counsel, the court by a peremptory instruction directed the jury to return a verdict in favor of appellee. Appellant's motion for a new trial was overruled, and an exception duly saved, and that ruling is assigned as error on appeal.

Appellant resided at the town of Dayton, and at the time of receiving his injury was returning from a trip to the city of LaFayette. The complaint is in a single paragraph, and alleges that appellant was a passenger over appellee's road from LaFayette to Dayton, and arrived at his destination after night, and, in going from the depot toward the business part of town, in the darkness, fell over the obstruction and broke his leg. Appellant's right of action is manifestly founded upon the relation of passenger and carrier, and if that relation did not exist between him and the appellee at the time of the accident there can be no recovery upon the complaint.

The rule is that the relation of passenger and carrier, when established, does not terminate until the passenger has reached his destination, alighted from the train, 1. and had a reasonable time in which to leave the place where passengers are discharged. 4 Elliott, Railroads, §1592; *McKimble* v. *Boston, etc., Railroad* (1885), 139 Mass. 542, 2 N. E. 97; *Houston, etc., R. Co.* v. *Batchler* (1904), (Tex. Civ. App.), 83 S. W. 902; *Chicago, etc., R. Co.* v. *Tracey* (1903), 109 Ill. App. 563; *Chicago, etc., R. Co.* v. *Wood* (1900), 104 Fed. 663, 44 C. C. A. 118.

In case of an accident involving a passenger, who on alighting from the train intended and desired to depart from the place at once, but was hindered and delayed, 2. the question as to what is a reasonable time should be determined from the attendant facts and circumstances given in explanation or excuse for such de-

lay.   In this case appellant, on arriving at Dayton and leaving the train, had no apparent desire to proceed on his journey, and offered no legitimate excuse for lingering about the station; but it appears from his own statement that he voluntarily went into the waiting room of the station with six or seven acquaintances, sat down, talked, joked, sang a song, and had a jolly time for ten or fifteen minutes.   He was not detained after leaving the car by any business with the company or connected with his journey, or by any circumstance which made delay either necessary or expedient, but to secure amusement for himself and to furnish entertainment for his companions he abstained from proceeding homeward. After ten or fifteen minutes thus jovially spent, appellant left the depot, and in passing over the station grounds fell and was injured.   The admissions of appellant, as well as the other evidence, make it clear that he merely loitered for an unreasonable time about the station for his own pleasure, and it was wholly unnecessary to ask the jury to determine as a question of fact whether ten or fifteen minutes was an unreasonable time for him to remain at the place where he was discharged as a passenger from appellee's train.   The court, upon the undisputed facts, could say as a matter of law that, upon his arrival at the station, appellant of his own volition, in quest of pleasure, broke the continuity of his journey, and thereby terminated at once his relation as appellee's passenger.   Appellant's right of recovery, as pleaded, depended upon proof of a breach of duty owing by appellee to him as its passenger, and, that relation having terminated before the accident occurred resulting in his injury, his suit must fail.   The court did not err in directing a verdict for appellee.   *Heinlein* v. *Boston, etc., R. Co.* (1888), 147 Mass. 136, 16 N. E. 698, 9 Am. St. 676; *Quantz* v. *Southern R. Co.* (1904), 137 N. C. 136, 49 S. E. 79; *Ratteree* v. *Galveston, etc., R. Co.* (1904), (Tex. Civ. App.), 81 S. W. 566.

The conclusion reached makes it unnecessary to consider any other questions discussed by counsel. There was no error in overruling appellant's motion for a new trial. The judgment is affirmed.