[No. 8842.    Department One.    March 27, 1911.]

ORVILLE M. JOHNSON, *Respondent*, v. WASHINGTON WATER

POWER COMPANY, *Appellant*.[1]

APPEAL—REVIEW—VERDICT.  Where the evidence is hopelessly in conflict, the verdict is conclusive upon appeal.

CARRIERS—OF PASSENGERS—ASSAULT BY CONDUCTOR—INSTRUCTIONS. In an action by a passenger for an assault by a street car conductor, an instruction that there can be no recovery if plaintiff had alighted from the car and provoked the assault before he was struck, is not objectionable as leaving an inference of liability for assault after plaintiff had ceased to be a passenger, unless he provoked the assault.

SAME—TERMINATION OF RELATION—INSTRUCTIONS.  In an action by a passenger for an assault by a street car conductor, the jury are properly instructed that after a person becomes a passenger the relation exists until he has alighted and had a reasonable time to leave the place at which he alights, and if assaulted before he could leave the immediate presence of the car and proceed on his journey, he was still a passenger.

TRIAL—VERDICT—SPECIAL FINDING—DEFINITENESS.  In an action by a passenger for an assault by a street car conductor, where an interrogatory was submitted as to whether plaintiff had alighted when first struck, an answer that he was on the car when first struck is not too indefinite.

APPEAL—PRESERVATION OF GROUNDS—VERDICT—SPECIAL FINDING—OBJECTIONS.  Objection that an answer to an interrogatory submitted to the jury was too indefinite must be made when the verdict is returned, and a more definite finding requested, and cannot be first raised on appeal.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered February 25, 1910, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a passenger assaulted by the conductor of a street car.    Affirmed.

*Post, Avery & Higgins*, for appellant.

*W. H. Plummer* and *Geo. A. Latimer*, for respondent.

[1]Reported in 114 Pac. 453.

Fullerton, J.—This action was brought by the respondent against the appellant to recover for personal injuries. In the complaint it is alleged, that the defendant operates a street railway system in the city of Spokane and vicinity, one line of which runs from the main part of the city to the town of Hillyard; that the respondent boarded one of the appellant's cars running on this line in the city of Spokane and rode therein to the town of Hillyard, and proceeded to alight therefrom when he was assaulted and beaten by the conductor of the car. The answer put in issue the allegations of the complaint relating to the assault, and alleged affirmatively that the injuries received by the appellant, if any he did receive, was the result of his own acts and negligence and not the fault of the appellant. A denial was filed to the reply. On the issues thus made a trial was had, which resulted in a verdict for the respondent in the sum of $3,300. The trial judge, however, deemed the verdict excessive and gave the respondent the option of taking a judgment for $1,500 or of submitting to a new trial. The respondent accepted the first part of the alternative, and judgment was entered in his favor for $1,500, and this appeal taken therefrom. The appellant in this court makes two principal contentions: (1) that the judgment is not supported by the evidence and is excessive, and (2) that erroneous instructions were given the jury.

On the first proposition suggested, the evidence is hopelessly in conflict. If the respondent's story is to be believed, the conductor was the aggressor throughout the controversy, the assault was as vicious as it was unprovoked, the injuries of the respondent were severe and lasting, and his sufferings therefrom acute. On the other hand, if the version of the appellant is to be taken as true, no recovery at all should be had. Its evidence was to the effect that the respondent provoked the assault, and that it occurred after he had ceased to be a passenger. Its evidence tended to show also that the injuries received by the respondent were trivial, entitling him to merely nominal damages, conceding the liability of the ap-

pellant to answer in damages at all. This being the condition of the record, it is plain that the question of liability was for the jury and the trial judge, and since they have accepted the evidence of the respondent as containing the truth, we cannot do otherwise than accept it also. So with the question of the amount of the damages, we can find no cause for a further reduction than that made by the trial court.

The exceptions to the instructions seem to us to have no substantial merit. The first exception is to the following:

"But if you find in this case, gentlemen, that the plaintiff had alighted from the car at Hillyard before he was struck by the conductor, if you find he was struck by the conductor as alleged in the complaint, and that after he alighted he used the abusive language towards the conductor of the car and the conductor thereupon struck him and the injuries were inflicted as alleged in the amended complaint, then the court instructs you that the defendant would not be liable for the act of the conductor, and you should find in that case a verdict for the defendant in this case."

The second exception is to the statement of the court to the effect that after a person becomes a passenger on the carriage of a common carrier the relation exists until the passenger has alighted and has had a reasonable time to leave the place at which he alights. The third was an instruction to the effect that if assault was made after the appellant had alighted from the car but before he had time to leave the immediate presence of the car and proceed on his journey, and was made without provocation, the jury could find that the assault was made while he was still a passenger.

It is objected to the first of these instructions that it leaves the inference that the appellant is liable for an assault made by its conductors on a person who has ceased to be a passenger by leaving its car, unless the assault was provoked by abusive language on the part of the person assaulted. But to our minds it does not bear this construction. It seems to us to be a plain statement to the effect that the plaintiff could not recover if the assault was made upon him after he had

ceased to be a passenger, and we cannot think the jury otherwise understood it.

The other instructions correctly state the rule with reference to passengers upon railroads. *Glenn v. Lake Erie & W. R. Co.*, 165 Ind. 659, 75 N. E. 282, 112 Am. St. 255, 2 L. R. A. (N. S.) 872. While the authorities do not seem to be quite uniform on the question, we think the rule exists with reference to passengers upon street cars also. A passenger on alighting from a street car is more or less subject to the conditions in which the carrier has placed him, and common prudence dictates that he should have a reasonable time to note the surroundings and prepare to protect himself from the ordinary dangers of the street. This right is denied him if he may be assaulted with impunity by one of the servants of the carrier, on whose vehicle he has taken passage, the moment his feet strike the ground.

The following interrogatory was submitted to the jury: "Had the plaintiff alighted from the car at the time he was first struck by conductor Coughlin? To this the jury answered as follows: "Mr. Johnson was on the car when first struck." It is objected to this that it is indefinite, but we do not think it so. Furthermore, the remedy for an error of this kind is to object when the verdict is returned, and move for a more definite finding. The record fails to show that any such objection was made to the verdict.

The judgment is affirmed.

GOSE, PARKER, and MOUNT, JJ., concur.