# Southern Railway Co. *v.* Burnett.

*Injury to Passenger.*

(Decided November 30, 1912.    Rehearing denied December 7, 1912.
60 South. 472.)

*Carriers; Passengers; Existence of Relations.*—A carrier's obligation to a passenger continues until the passenger has had a reasonable opportunity to leave the station, but the relation does not exist after the passenger has left the station and the grounds on his way to his hotel or place of business; hence, where the passenger had taken a hack and been accepted by the hack driver as

[Southern Railway Co. v. Burnett.]

his passenger, and the hack was standing in the public street over which the rilroad company had no dominion, the relation between the railroad and such person as passenger and carrier had ceased, and the railroad company was not liable for an assault made upon him at such place.

APPEAL from Shelby County Court.

Heard before Hon. E. S. LYMAN.

Action by Baline Burnett against the Southern Railway Company for damages for an alleged assault upon him while a passenger. Judgment for plaintiff and defendant appeals. Reversed and remanded.

PETTUS, FULLER & LAPSLEY, for appellant. Counsel insist that under the case of *City Del. Co. v. Henry*, 139 Ala. 161, the demurrers should have been sustained to the complaint. The relation of passenger and carrier had ceased when the assault happened, and hence, the carrier was not liable.—*Indianapolis St. Ry. v. Tenner*, 67 N. E. 1044; *Moulton v. Bir. R. L. & P. Co.*, 153 Ala. 93; *A. C. G. & Ry. Co. v. Sampley*, 169 Ala. 372; 6 Cyc. 541. The auditor had stepped aside from his master's business and the act was in no wise connected with his business or employment.—*Goodloe v. M. & C.*, 107 Ala. 241; *A. G. S. v. Frazer*, 93 Ala. 448; *L. & N. v. Whitman*, 79 Ala. 328; *A. C. G. v. Sampley, supra.*

RIDDLE, ELLIS, RIDDLE & PRUET, and RIDDLE & BURT, J. M. REYNOLDS and M. PETERS, for appellee. The liability of the railroad company in its character as carrier continues for such reasonable time after a passenger has disembarked at his destination, as may enable him to leave the premises with safety.—*Milton v. B. R. L. & P. Co.*, 153 Ala. 97; *Mont. St. Ry. Co. v. Mason*, 133 Ala. 508; *Sellers' Case*, 93 Ala. 9; 28 S. E. 1000; 75 N. E. 282; 2 N. E. 97; 63 S. W 895; 7 4S. W. 581. It is no defense that the passenger had used insulting lan-

guage towards the servant.—*B. R. L. & P. Co. v. Baird,* 130 Ala. 334.

WALKER, P. J.—There was evidence from which the jury could have found that the assault of which the plaintiff, appellee here, complained was committed under the following circumstances: The plaintiff was a passenger on the defendant's train from Calera to Montevallo. He did not have a ticket. The cash fare was 30 cents. The auditor or fare collector on the train received from him a silver half dollar, and did not give him back any change. The car on which the plaintiff rode stopped at the usual stopping place at Montevallo, which was where the railroad tracks cross a street or public road. There was a hack backed up to near the outside rail of a side track, which extended across the street or road between where the track was, which was where hacks usually stood to receive incoming travelers, and the track upon which the train was. As the plaintiff was leaving the car, a companion asked him if he was going to make the auditor give him the change, and the plaintiff said, within hearing distance of the auditor: "Let the damn little thief have it. I guess he needs it more than I do, or he would give it back to me" —and, without stopping, crossed the side track to the hack. When he was in the hack, he shook his fist at the auditor, who was still on the train, and said he could whip him, and cursed and abused him, and, as the auditor testified: "I told him he would not say it on the ground; and he repeated what he had said, and I then got out of the train onto the ground, and made for him. I made it a personal matter. I caught him by the foot, and pulled him out of the bus. He hit me, and we clinched. Several licks were passed," etc.

With such evidence before the jury, we are of opinion that the court was in error in giving the affirmative

charge in favor of the plaintiff. The claim urged in his behalf by his counsel is that, at the time and place of the commission of the assault, the relation of passenger and carrier still existed between him and the defendant, and that the assault constituted a breach by the defendant of its duty to carry the plaintiff safely, and to protect him from injury at the hands of its own employees. A number of authorities, among them the following, are cited in support of the proposition that the obligation of the carrier continues, not only while the passenger is on the carrier's vehicle of transportation, but while he is alighting, and until he has had a reasonable opportunity to leave the place where passengers are discharged: *Melton v. Birmingham Railway, Light & Power Co.,* 153 Ala. 95, 45 South. 151, 16 L. R. A. (N. S.) 467; *Montgomery Street Railway Co. v. Mason,* 133 Ala. 508, 32 South. 261; *Glenn v. Lake Erie & Western R. Co.,* 165 Ind. 659, 75 N. E. 282, 2 L. R. A. (N. S.) 872, 112 Am. St. Rep. 255, 6 Ann. Cas. 1032; *O'Brien v. St. Louis Transit Co.,* 185 Mo. 263, 84 S. W. 939, 105 Am. St. Rep. 592; *Alabama Great Southern Ry. v. Coggins,* 88 Fed. 455, 32 C. C. A. 1. The proposition is a familiar one, and its correctness is not to be questioned; "but," as said in the opinion rendered in the case of *Alabama Great Southern Ry. Co. v. Godfrey,* 156 Ala. 202, 221, 47 South. 185, 191 (130 Am St. Rep. 76), "generally speaking, it is no part of the carrier's duty to see a passenger safely landed at his hotel. When he has been furnished safe and sufficient egress from the depot grounds, the relation of carrier and passenger ceases."

Based upon testimony to the effect that the hack was standing within the limits of a space which was staked off by posts bearing the sign, "Property of the Southern Railway Company," the claim is made that the evi-

dence, without conflict, showed that, at the time the
plaintiff was assaulted, he was still on the defendant's
premises and entitled to its protection.   This claim can-
not be sustained.   There was evidence to the effect that
the hack was standing in a public road or street; that
the defendant did not have dominion over it or the ex-
clusive right to the use or possession of the place where
it was standing; and that at the time he was assaulted
the plaintiff had offered himself and been accepted as
the passenger of another carrier.   According to this evi-
dence, at that time he was in a vehicle and at a place be-
yond the control of the defendant.   He had terminated
his relation of passenger to one carrier by betaking him-
self to the vehicle of another carrier and coming under
the charge of the latter.—*Illinois Central R. Co. v.
O'Keefe,* 61 Am. St. Rep. 68, 82, note; 4 Elliott on Rail-
roads, § 1579; 6 Cyc. 548.   Certainly it cannot be said
that the evidence, without conflict, supported the con-
clusion that the defendant's obligation to protect the
plaintiff continued after he became a passenger in an-
other's vehicle, over which the defendant had no control.

Under the phase of the evidence above referred to, the
act of the defendant's employee in assaulting the plain-
tiff after he became a passenger in the hack was outside
of the field of his employment, committed at a time when
there remained unperformed no part of the defendant's
obligation to carry the plaintiff in safety, and to protect
him from harm at the place of debarking until he had
had a reasonable opportunity to leave the premises un-
der the carrier's control, and was an independent wrong
for which the defendant was not liable to the plaintiff,
who had ceased to be its passenger or in its custody, or
entitled to its protection.—*Goodloe v. Memphis &
Charleston R. Co.,* 107 Ala. 233, 18 South. 166, 29 L. R.
A. 729, 54 Am. St. Rep. 67; *Alabama City, G. & A. Ry.*

*Co. v. Sampley,* 169 Ala. 372, 53 South. 142; *Gilliam v.
S. & N. A. R. Co.,* 70 Ala. 270; *Henderson-Mizell Mer-
cantile Co. v. Chapman & Co.,* 3 Ala. App. 296, 57
South. 82. ·

Reversed and remanded.