## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. MISSILDINE.

(Court of Civil Appeals of Texas. Texarkana. April 3, 1913. Rehearing Denied April 17, 1913.)

1. NEGLIGENCE (§ 136*)—PROXIMATE CAUSE—QUESTION FOR JURY.

Though the issue of proximate cause is a question of fact, the evidence may be such that the court may assume its existence as a matter of law.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. § 136.*]

2. CARRIERS (§ 303*)—CARRIAGE OF PASSENGERS—DUTY TO STOP TRAIN.

Trainmen owe to a passenger the duty to stop the train and permit him to alight at his destination, and where they fail to stop at all, or to stop for a time sufficient to enable him to alight, but put him down in the dark at a place some distance from the station, whereby he falls into a cattle guard and is injured, they are guilty of actionable negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1216, 1218, 1224, 1226–1232, 1234–1240, 1243; Dec. Dig. § 303.*]

3. CARRIERS (§ 305*)—INJURIES TO PASSENGERS—PROXIMATE CAUSE.

Where a passenger carried beyond his destination on a dark night was compelled to alight at an unusual place and walk the track back to the depot, an injury to him caused by his falling into a cattle guard in the track was the proximate result of the trainmen's negligence, provided the passenger was not guilty of contributory negligence in failing to avoid the danger.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1132, 1136–1139, 1245–1246; Dec. Dig. § 305.*]

4. CARRIERS (§ 247*)—PASSENGERS—WHO ARE.

A passenger remains such after alighting from a train until he leaves the railway premises or for a reasonable time in which he may leave them, and during that time is entitled to the protection of a passenger.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 984–993; Dec. Dig. § 247.*]

5. CARRIERS (§ 303*)—CARRIAGE OF PASSENGERS—SAFE DEPOTS.

The duty of a carrier to exercise proper care to provide safe places for passengers to board and alight from trains may not be evaded by negligently carrying a passenger beyond his destination and compelling him to get on or off the train at an unusual place in the dark.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1216, 1218, 1224, 1226–1232, 1234–1240, 1243; Dec. Dig. § 303.*]

6. CARRIERS (§ 347*)—INJURIES TO PASSENGERS — CONTRIBUTORY NEGLIGENCE — QUESTION FOR JURY.

Whether a passenger carried beyond his station on a dark night and compelled to alight at an unusual place and walk the track back to the depot was guilty of contributory negligence precluding a recovery for injuries sustained by falling into a cattle guard *held* for the jury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1346, 1350–1386, 1388–1397, 1402; Dec. Dig. § 347.*]

Appeal from District Court, Bowie County; P. A. Turner, Judge.

Action by J. A. Missildine against the St. Louis Southwestern Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

Glass, Estes, King & Burford, of Texarkana, for appellant. C. A. Wheeler and Mahaffey & Thomas, all of Texarkana, for appellee.

HODGES, J. On October 23, 1911, the appellee resided with his family in the country near Carbondale, Ark. On the date mentioned he, in company with his wife and other parties, attended a circus in Texarkana. The train on which they returned arrived at Carbondale some time after dark. There is a sharp conflict in the testimony as to whether the train stopped at Carbondale or not; some of the witnesses testifying that it stopped a short time, and others that it made no stop. It appears that the train was crowded with passengers returning from the circus. In any event, the testimony shows that the appellee and his party were carried a few hundred yards beyond the Carbondale depot. The distance was variously estimated by the different witnesses at from 300 to 600 yards. The train was stopped at this point by the trainmen on being notified that some of the passengers desired to get off at Carbondale. The place where they stopped, according to the testimony of the appellee, was on an embankment about 600 yards east of the depot. There were several other passengers put off at the same time, besides those belonging to his party. Appellee testified that he had made arrangements with a friend to meet him and his family at the depot with a wagon and team for the purpose of carrying them home that night; that immediately after he was put off he started hurriedly down the track towards the depot, for the purpose of seeing that party before he left. The night was very dark; and while going along the railway track he fell into a cattle guard and sustained the injuries for which he brought this suit and recovered a judgment for $400.

The court gave the following as a portion of his main charge: "If you believe from the evidence that defendant failed to stop its train at Carbondale at all, or failed to stop it for a reasonable time to allow plaintiff to get off by using ordinary care to do so with reasonable safety to himself, and took him beyond Carbondale and there stopped its train and allowed him to get off, and that he undertook to make his way back to Carbondale, and that while so doing he fell in a cattle guard and was thereby hurt, and that in undertaking to get back to Carbondale he was not guilty of negligence, and that he was not guilty of negligence when he fell in said cattle guard, then you will find for plaintiff." He refused the following special charge requested by the appel-

lant: "You are instructed that if you should find that the defendant was .guilty of negligence in carrying plaintiff by the station of his destination and thereby caused him to get off at the place where he got off, and you further believe that in going back to the station of his destination he fell in or over a cattle guard, and if you further believe from the evidence that the plaintiff was injured by the fall, still, even if you should find that the plaintiff was guilty of contributory negligence, you would not be authorized to find, and you will not find, in favor of the plaintiff for any damages on account of any such injuries which he may have sustained by the fall, unless you should further find from the evidence that the defendant's employés in charge of its said train which carried plaintiff by his station should have or did anticipate, under all the circumstances appearing from the evidence in this case, that as a result of the plaintiff being carried by his station and having to get off of the train where he did, he would likely or might be injured in some way by the cattle or stock guard." The giving of this portion of the main charge and the refusal of the special charge are both assigned as error.

The objection to the main charge is that it assumed as a matter of law that the negligence of the appellant's employés in carrying the appellee beyond his station was the proximate cause of his injuries. The purpose, it is claimed, of the special·charge, was to submit to the jury a method of determining whether or not such negligence, if any, was the proximate cause. It is contended that under the facts of this case the question of whether the negligence complained of was the direct and proximate cause of the injuries sustained by the appellee was an issue of fact which should have been submitted to the jury.

[1] It may be conceded as true that the issue of proximate cause is in a sense always a question of fact; but, like all such issues, the state of the evidence may at times be such that the court may assume its existence as a matter of law. Just how far in the line of sequence the effect must be removed from its natural cause in order to lose its legal relation as the proximate cause can never be determined by any definite rule; it must depend in every case upon the particular state of the facts. The terms in which the usual definitions of proximate cause are generally expressed are as uncertain and indeterminate as the thing sought to be defined. Whether one,should be held responsible for an injury resulting from his culpable conduct is, in every case, to be determined by the generally recognized principles which guide our common sense of justice in regulating the intercourse of people, rather than by some artificial niceties based upon metaphysical distinctions.

[2] The appellee was a passenger upon the appellant's train, and had a right to be put off at the depot at Carbondale. The employés of the appellant in charge of the train owed him that duty; and if they did not furnish him an opportunity to leave the train at Carbondale, either because of a failure to stop, or to stop for a time reasonably sufficient for that purpose, they were guilty of negligence for which the appellant may be held responsible. The jury decided that question against the appellant. Adopting the test embodied in the special charge quoted, should the appellant's trainmen, under the circumstances, have anticipated that such an accident as this might happen?

[3] Appellant is charged as a matter of law with a knowledge of the condition in which it had put its track and right of way by the construction of embankments, cattle guards, culverts, etc. That knowledge will be imputed to its representatives and employés in charge of its trains when dealing with passengers. By carrying the appellee beyond the depot as was done on this occasion, those employés made it necessary or proper for him to use the roadbed and track in returning to the depot. They might reasonably have expected that he would do this. They must have known that under the circumstances he would pass over this cattle guard. It is a matter of common knowledge that cattle guards are intended for the purpose of excluding stock from inclosures, and are not constructed for the safety or convenience of pedestrians using the railway track as a pathway.

[4] A passenger after alighting from a train remains such until he leaves the railway premises, or for a reasonable time in which he may leave them. Ormond v. Hayes, 60 Tex. 180; Railway Co. v. Batchler, 32 Tex. Civ. App. 14, 73 S. W. 981; Glenn v. Lake, etc., Ry., 165 Ind. 659, 75 N. E. 282, 2 L. R. A. (N. S.) 872, 112 Am. St. Rep. 255, 6 Ann. Cas. 1032; N. Y. C. & ·St. L. Ry. Co. v. Doane, 115 Ind. 435, 17 N. E. 913, 1 L. R. A. 157, 7 Am. St. Rep. 451. In the case last cited the court said: "Where a freight train is accustomed to discharge its passengers at some place other than the platform, or where it is impracticable for it to reach the platform with its caboose, or other car in which its passengers are carried, it may require passengers to leave its train at some other appropriate and convenient place, not connected with the platform. In such an event, however, passengers are entitled to receive such care and attention as are necessary to enable them to properly reach the station, and this is especially so where the place at which they are discharged is either inappropriate or inconvenient. Woolery v. Louisville, etc., Ry. Co., 107 Ind. 381 [8 N. E. 226], 57 Am. Rep. 114. Further on in (2 Wood, Railway Law, at page 1186) the same

author says that 'if the train overshoots or stops short of the platform at an unusual place, it is held that the company is bound to assist the passengers to alight, and in any event, in such a case, it would be its duty to either back the train to the station or notify the passengers where and how to alight, and warn them of any dangers incident to alighting at that point; and if through no fault of the passenger he is injured by alighting at that point, or in getting from there to the station or highway, the company is liable therefor.' "

[5] If it is the duty of common carriers to exercise a proper degree of care to provide safe means of ingress and egress to and from their trains at places where passengers are expected to get on and off, that duty cannot be evaded by negligently carrying a passenger beyond his destination and compelling him to get on or off the train at an unusual place in the dark rather than to furnish him the opportunity at the regular stopping place. S. A. & A. P. Ry. Co. v. Turney, 33 Tex. Civ. App. 626, 78 S. W. 256; Stewart v. Railway Co., 53 Tex. 289, 37 Am. Rep. 753; Railway Co. v. Thornberry (Sup.) 17 S. W. 523. That a passenger compelled to alight on a dark night at an unusual place and walk the track to a depot might fall into a cattle guard over which he was compelled to pass should be as readily be anticipated as that one alighting at the depot would be injured by a defect in the platform or premises at that place. The accident in this instance was one which not only might have been contemplated as possible, but one which should have been anticipated as likely to happen considering the darkness of the night and the surroundings of the parties. The only other agency outside of the negligence of the appellant in carrying the appellee to a place where he would be compelled to pass over this cattle guard which could have supervened to cause the injury was his own contributory negligence in failing to evade the danger. The court made appellee's right to recover depend upon a finding that he was not guilty of such negligence. Hence we conclude that there was no error in the charge complained of, nor in refusing that requested.

[6] The refusal to give the following special charge is also assigned as error: "You are instructed that if you believe from the evidence that the plaintiff was running down the railroad track when he went into or on the cattle or stock guard, and that it was dark, and that he could not see any objects ahead of him, and if you believe that by reason thereof he fell into or on said cattle guard, then you will find plaintiff guilty of contributory negligence, and you will find for the defendant." There was no evidence that the appellee was running at the time this accident occurred. He says that he was not, and no one else testified to the contrary. Moreover, even if it could be said that he was running, the court would not be authorized under the circumstances to charge the jury that such conduct was contributory negligence per se. It would still be an issue to be determined by the jury.

The judgment of the district court is affirmed.