Missouri, Kansas & Texas Railway Company of Texas v. W. B. Williams, for use of Eaton Williams.

No. 586.—Decided November 22, 1897.

**1.  Passenger—Implied Contract.**
   In order to raise an implied contract for his transportation which would constitute him a passenger, one who buys no ticket should enter upon that part of the train provided by the railroad company for conveying passengers. (P. 258.)  ·

**2.  Same—Regulations—Place to Ride.**
   Notwithstanding the statute permitting the payment of fares on a train, it ¿is a reasonable regulation for a railway company to establish places at which to receive its passengers and designate coaches for them to ride in.  (P. 258.)

**3.  Same—Facts—Charge.**
   Plaintiff, running to catch a train as it was leaving the station, got on the front end of the baggage car next to the engine, where the fireman threw water on him from a hose until he jumped off and broke his leg.  A charge that "any person who in good faith boards a train carrying passengers, prepared and intending to pay his fare to the conductor, is a passenger, and it makes no difference what part of the train he boards, provided, of course, he occupies a safe place," was erroneous.  (Pp. 257, 258.)

**4.  Pleading—Passenger or Trespasser.**
   A petition alleging that plaintiff, though riding on the platform of the baggage car, was a passenger, and that he was compelled to jump from the train while in

motion, by the act of the engineer or fireman in throwing water upon him, from a hose, though not stating that such act was within the scope of the servant's employment, will, in the absence of exceptions to the pleading on this ground, support a submission of the question of defendant's liability for injury to a trespasser. (P 258.)

ERROR to the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

Action by W. B. Williams, for the use of his minor son, Eaton Williams, for personal injuries to the latter. Plaintiff recovered a judgment in the trial court, which was affirmed on appeal by defendants who thereupon obtained writ of error.

*Clark & Bolinger*, for plaintiff in error.—The Court of Civil Appeals erred in sustaining the charge of the District Court in the above cause as to what constituted a passenger, said charge being erroneous in that it wholly ignores the requisites of law necessary to constitute one a passenger, it being absolutely essential that there must be a contract, either express or implied, for the transportation of the passenger and a reasonable compliance with the regulations of the carrier. Patterson's Railway Accident Law, secs. 210, 214, 218, 219; Railway v. Moore, 49 Texas, 31; Gardner v. Railway, 18 Am. & Eng. R. R. Cases, 170; Bricker v. Caldwell, 40 Am. & Eng. R. R. Cases, 688; Railway v. Price, 1 Am. & Eng. R. R. Cases, 234.

The Court of Civil Appeals erred in matter of law in holding, as it did, that the appellee, Eaton Williams, under the pleadings and evidence, would be entitled to recover, though a trespasser, if injured by a servant acting in the line or scope of his employment, said decision being erroneous in that there was no allegation in plaintiff's petition that he was injured by any servant acting in the line of his employment; but the appellee's case, according to his petition, depended entirely upon his being a passenger, and there was no phase of the case authorizing the submission of any issue that he could recover as a trespasser, and there was no evidence whatever showing that he was injured on account of the act of any agent acting in the line of his authority. Rost v. Railway, 76 Texas, 168; Ins. Co. v. Hazelwood, 75 Texas, 338; Blum v. Whitworth, 66 Texas, 350; Cannon v. Cannon, 66 Texas, 682; Giddings v. Baker, 80 Texas, 308.

*Jas. A. Harrison*, for defendant in error.—Williams was a passenger, because he boarded the train provided for the carriage of passengers at a proper place and time, with the bona fide intention of paying fare when an opportunity offered, and with the money to pay same. Sayles' Civ. Stats., arts. 4226a, 4227 and 4258b; Ray's Negligence of Imposed Duties by Passenger Carriers, 4 to 7; Booth's Street Railway Law, sec. 326 and notes; Beach, Law of Railways, art. 856; Thompson on Carriers, 42 and 43; Railway v. Washington, 30 S. W. Rep., 719; Railway v. O'Keefe, 63 Ill. App., 102; Street Railway v. Williams, 140 Ill., 287; People v. Douglas, 25 Pac. Rep., 418; Daniel v. Rail-

way, 23 S. E. Rep., 328; Grimes v. Railway, 36 Fed. Rep., 74; Gardner v. Railway, 25 S. E. Rep., 334; Railway v. Mays, 4 Ind. App., 413; Railway v. Foster, 104 Ind., 307; Buffett v. Railway, 40 N. Y., 168; Railway v. Messino, 1 Sneed (Tenn.), 220; Cross v. Railway, 56 Mo. App., 664.

The relation of carrier and passenger came into existence when said Williams arrived on the premises of plaintiff in error with the intention of taking passage on said train, and before he boarded said train, and the manner, time and place of his boarding the train did not destroy the status of passenger already created.   Collins v. Railway, 39 S. W. Rep., 643; Donovan v. Railway, 65 Conn., 201; Gordon v. Railway, 40 Barb. (N. Y.), 546; Hansley v. Railway, 44 Am. St. Rep., 474; Grimes v. Railway, 36 Fed. Rep., 74; 23 S. E. Rep., 328. (Opinion by Avery, Justice.)

BROWN, Associate Justice.—Eaton Williams, a minor, was in the town of Bruceville on the line of railroad which belonged to plaintiff in error and desired to return to Waco. He' was not at the depot when the train going to Waco arrived but hearing it approach ran and got on it as it was leaving the depot. He got on the front end of the first car that came by him, which was the baggage car, located immediately behind the tender, because he had not time to get on elsewhere—the train being then in motion going down grade at a rapid speed.   He had the money with which to pay his fare to Waco, and intended to do so, but had no ticket.   When the train had gone about 200 yards the fireman, using a hose that was on the engine and used by the engineer and fireman to dampen the coal to keep down the dust, began throwing hot water on said Williams, and continued to do so until he jumped off the train—by which he broke his leg.   The plaintiff below recovered a judgment for $2000, which was affirmed by the Court of Civil Appeals.

This suit was brought by the next friend of the injured party to recover damages of the Railroad Company in favor of the boy, Eaton Williams.   Upon the trial the District Judge charged the jury as follows: "And a passenger as herein used is meant that any person who in good faith boards a train carrying passengers, prepared and intending to pay his fare to the conductor, is a passenger, and it makes no difference what part of the train he boards, provided, of course, he occupies a safe place."   Error is assigned upon this charge, which presents the only question that we deem it necessary to discuss.

The relation of passenger and carrier depends upon the existence of a contract, either express or implied.   It is not claimed in this case that there was any express contract between the Railroad Company and Eaton Williams, but it is claimed that an implied contract arose, under the law, when Eaton Williams boarded the defendant's train.   In this State, one who desires to take passage upon a railroad train may provide himself with a ticket, which constitutes an express contract for carriage, or he may pay his fare upon the train at the rate of four cents per mile.

If one who has no ticket enters the coach of a railroad company which is provided for the carriage of passengers, with the bona fide intention to take passage on the train and with the intention and ability to pay his fare when called upon, and being called upon does pay his fare, such person becomes a passenger and entitled to all the privileges and protection of such. This constitutes an implied contract on the part of the carrier to safely carry the passenger who has thus entered its car. But in order to raise such an implied contract the party desiring to be carried by the railroad company must take passage on that part of the train provided by it for carrying passengers. Merrill v. Railway, 139 Mass., 238; 52 Am. Rep., 705; Bricker v. Caldwell, 40 Am. & Eng. R. R. Cases, 688; Hutch. on Carriers, p. 447-8, sec. 554; Snyder v. Railway, 44 Am. & Eng. R. R. Cases, 278.

Notwithstanding the statute permits the payment of fares upon the train we think it a reasonable regulation for the company to make that it should establish places at which to receive its passengers and designate coaches for them to ride in. It is proper that the carrier should be notified of the presence of all persons claiming the protection of passengers, otherwise it would be unable to distinguish between such persons and those who might be trespassers where they enter portions of the train not used for the carriage of passengers. By this rule the rights of a carrier and a passenger would be alike guarded, while on the other hand if the person seeking passage on the train were permitted to board any part of the train as expressed in the instruction the carrier would be placed under the highest obligation to one with whom it did not know it sustained the relation of carrier to passenger. The District Court erred in the charge complained of, for which the judgment must be reversed and the cause remanded.

Plaintiff in error claims that the court also erred in submitting to the jury the issue as to the liability of the Railroad Company if Eaton Williams was in fact a trespasser and not a passenger, because as it is claimed there was no pleading to justify the submission of such an issue. There was no exception to the petition upon this ground and we think that in the absence of exception the allegations contained in the petition showed facts sufficient to present the issue properly and to admit the testimony to sustain it.

For the error committed by the trial court in giving the charge complained of the judgments of the District Court and of the Court of Civil Appeals will be reversed and this cause remanded.

*Reversed and remanded.*