W. F. RATTEREE v. GALVESTON, HARRISBURG & SAN ANTONIO
RAILWAY COMPANY.

Decided May 25, 1904.

1.—Negligence—Pleading and Charge—Railroads.

Where the negligence charged in plaintiff's petition was the act of the
railway employes in raising a water hose, which had been placed through
the door of a car, just as plaintiff was stepping over it in leaving the car,
thus causing him to trip and fall, the failure of the cha ge to submit as
negligence the placing of the hose in and across the door of the car was
not error.

2.—Same—Concurring Causes.

The petition havin- charged that plaintiff's fall and injury was caused
by the raising of the hose, which tripped him, and a sudden movement of
the car at the same time, a charge conjunctively submitting these matters
of negligence as concurring causes of the injury was proper, and a failure
to present them disjunctively was not ground of complaint in the absence
of request therefor.

3.—Same—Contributory Negligence—"Proximately."

A charge that contributory negligence of the plaintiff which "caused or
contributed" to the injury would defeat a recovery was not error for failure
to state that it must have "proximately" contributed to the injury.

4.—Same—Undue Prominence.

A charge merely presenting in a negative form for the defendant mat-
ters of negligence which had been affirmatively presented for the plaintiff
is not subject to objection as giving such matters undue prominence.

5.—Carrier of Passengers—Exit From Train.

It is not an unreasonable regulation for a railway company to designate
certain doors and steps by which its passengers shall leave the train and
reserve others for the performance of its necessary work.

6.—Same—Trespasser.

Where a passenger, after disembarking from the train at his destination,
returned to it for the purpose of crossing by means of the car steps to the
other side of the track, he was a trespasser, and the company owed him no
duty, except not to hurt him if it discovered him in a place of peril.

Appeal from the District Court of Val Verde. Tried below before
Hon. B. C. Thomas.

*Henry I. Moore, Joseph Jones* and *Geo. M. Thurmond*, for appellant.

*Baker, Botts, Parker & Garwood, W. B. Garrett, J. G. Griner,* and
*Ellis & Love,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellant sued appellee for damages al-
leged to have resulted from personal injuries inflicted through the neg-
ligence of appellee. Appellee answered by general and special excep-
tions and general denial, and specially answered that the relation of car-
rier and passenger had ceased when appellant was injured and that the
latter was guilty of contributory negligence. A trial by jury resulted
in a verdict and judgment for appellee.

The petition charged negligence as follows:

That, when said cars had stopped at the depot in Del Rio, he was
exercising all due haste and caution to alight from said train. That,
as he approached the door leading from one of the cars to the vestibule

platform, defendant's servants and employes carelessly and negligently raised a water hose that they had placed across and into said door in such manner that it caught plaintiff's foot or leg as he was making a step, whereby plaintiff was thrown against the side of the door, and at the same time defendant's servants and employes caused said car to suddenly move with a jerk whereby plaintiff was violently thrown on the vestibule platform floor; falling upon his side and back, and was seriously injured, as hereinafter stated. Plaintiff avers that the defendant, its agents, and servants were guilty of negligence in the following particulars: In placing said water hose in and across the door of said car, before he had a reasonable time to leave said train, and in drawing the same up while plaintiff in the exercise of due diligence, was attempting to leave the car, so as to throw plaintiff against the side of said car door, and off of his feet, and, while plaintiff was in such position caused by said hose, and before he had had a reasonable time in which to disembark from said train in moving said car suddenly so that plaintiff was violently thrown upon his side and back' out upon the vestibule platform floor of said car.

The first and second assignments of error claim that the court in the charge to the jury eliminates the negligence arising from placing the hose in and across the door of the car from which appellant made his exit. The only negligence pleaded by appellant was the act of the employes in raising the water hose just as appellant was stepping over it, and the sudden starting of the train at the same time. The other allegations are merely circumstances connected with and leading up to the lifting of the hose. The circumstances pleaded by appellant were not eliminated by the charge of the court, as fully appears from the statement of the case in the first paragraph of the charge and the recital in the fifth paragraph of the circumstances under which appellant should recover. In the first, it is stated that the petition alleged that, when the train reached Del Rio, appellant "proceeded with all due haste and caution to alight from said train, and that, as he approached the door leading from one of the cars to the vestibule platform, the defendant's servants and employes carelessly and negligently raised a water hose that they had placed across and into the door of the car in which plaintiff was riding, etc." Again, in the fifth paragraph, the jury was told that a verdict should be found for appellant if it was found that he was' exercising due haste and caution to alight from the train, and "that, as he approached the door leading from the car to the vestibule platform, defendant's servants or employes raised a water hose that had been placed across and into said door, and that it caught plaintiff's foot or leg as he was making a step, etc."

The last charge quoted followed the allegations of the petition in stating the facts and circumstances leading up to the accident, and appellant has no just cause of complaint thereto. Neither is their criticism of the charge justified by its making the falling of appellee against the

door concurrent with the sudden moving of the car, as the pleadings make just such a case, and they were sustained by appellant's testimony.

In the case of Williams v. Railway Co., 34 Texas Civ. App., —, 78 S. W. Rep., 45, the questions presented as to the pleadings and charges were very similar to those in this case, and the court said: "It is clear from an inspection of plaintiff's petition and reading the court's charge that the very acts of negligence alleged are submitted to the determination of the jury. It does not occur to us that this is a case where the petition charges several acts of negligence conjunctively, any one of which would entitle plaintiff to recover if established. While several acts of negligence are charged, they are by the allegations so connected with each other as to require proof of all to establish a cause of action."

This case is strikingly similar also to that in the fact that no special charges were asked correcting the charge by requesting a disjunctive presentation of the acts of negligence and also brings it within the scope of the case of Gulf C. & S. F. Ry. Co. v. Hill, 95 Texas, 629, 69 S. W. Rep., 136.

In the seventh assignment of error, appellant criticises the charge because it instructed the jury, if they believed that appellant was guilty of negligence which caused or contributed to his injury, they would find for appellee, notwithstanding its employes may have been guilty of negligence which contributed to the injury. The criticism is that the charge was erroneous in not informing the jury that the negligence of appellant must have proximately contributed to his injury in order to preclude a recovery. We can not conceive of negligence that "caused or contributed" to an injury not being such negligence as must have "proximately contributed" to the injury, but, however that may be, the courts of Texas have condemned charges that informed juries that the contributory negligence which will defeat a recovery must proximately cause the injury. Gulf C. & S. F. Ry. Co. v. Rowland, 90 Texas, 365; Culpepper v. Railway Co., 90 Texas, 627; Galveston H. & S. A. Ry. Co. v. Hubbard (Texas Civ. App.), 5 Texas Ct. Rep., 823, 70 S. W. Rep., 112. In the cases of Houston & T. C. Ry. Co. v. Sympkins, 54 Texas, 615, and Weatherford M. W. & N. W. Ry. Co. v. Duncan, 10 Texas Civ. App., 484, cited by appellant, this question is not raised nor discussed.

The court, after stating in one paragraph the circumstances under which appellee could recover, instructed the jury in another that, unless the jury found that appellee was guilty of negligence in the particulars charged in the petition, and submitted to them in the former paragraph, the verdict should be for appellee. This instruction is attacked on the ground of giving undue prominence to the matters stated in the former charge. It is clear that the objection is without merit. The charge was merely a presentation of the case in a negative form for appellee that had been affirmatively presented for appellant.

There is no merit in the special charges requested by appellee and given by the court. There is no assumption of any fact, and it was in

evidence that, at the time the accident occurred, appellee's employes were engaged with the hose in performing a customary duty at the usual time and place. The steps on the car in which a passenger is riding are there for him to pass into or out of the car, and a railroad company can not be held liable if he seeks an unusual mode of egress. Every passenger capable of caring for himself knows that the doors and steps of the car in which he desires to ride or from which he desires to find egress have been supplied for his benefit. Appellant saw those in the car with him leaving the train at the door of the car, but, according to his own account, he strolled through the vestibule into and down the next car and attempted to leave the car at a place that was evidently not prepared for the egress of passengers. It was not unreasonable upon the part of the railway company to designate certain doors and steps by which its passengers should leave the train and reserve others for the performance of its necessary work. The conductor, brakeman, and porter were all at the steps from which passengers alighted, and appellant, instead of availing himself of the practical and safe means of egress offered him, chose to go to a door where no one was entering or leaving, and where he could clearly see that the railway company did not expect nor desire any one to alight. In preparing the door which it did, and indicating to passengers where it desired them to alight, the railway company required no unreasonable thing, and did not abridge any right of appellant. Missouri K. & T. Ry. Co. v. Williams, 91 Texas, 255, 42 S. W. Rep., 855. The above and foregoing is written on the assumption that appellant narrated the facts as they occurred, but as to the facts he was overwhelmingly contradicted by the witnesses introduced by appellee.

The evidence offered by appellee, which, in view of the verdict of the jury, we find to be true, showed that appellant got off the car with the other passengers, and that, if he was hurt on the train, he must have returned to it again. The vestibule on the end of the coach at which appellant claimed he was hurt had not been opened on the side of the car next to the station, and had been opened on the other side only for the purpose of placing the hose so as to convey water into the car. The evidence failed to show that appellee was guilty of any negligence that caused the injuries to appellant.

When appellant left the train, appellee owed him no duty except to give him a safe way in which to leave the premises of the railway company; and if he returned to the train after having once disembarked therefrom, for the purpose of using it as a mode of crossing to the other side of the track, he was a trespasser, and appellee owed him no duty, except not to hurt him if it discovered him in a place of peril.

We conclude that the assignments of error present nothing that would require or justify a reversal of the judgment, and it is therefore affirmed.

*Affirmed.*

Writ of error refused.