## Missouri, Kansas & Texas Railway Company of Texas v. J. C. Huff.

### No. 1339. Decided June 23, 1904.

**Charge—Passenger—Freight Train—Authority of Brakeman.**

A charge entitling one riding on a coal car, without knowledge of the train conductor, by permission of a brakeman to whom he paid fare, the right to presume authority from the company to permit him to so ride if brakemen had exercised such authority so long that the company should have known such fact, was erroneous: (1) in declaring such inference from the facts instead of leaving it to the jury; (2) in authorizing the presumption in disregard of other facts; (3) in disregarding evidence of the difficulty of preventing such conduct; and (4) in treating the inference of authority as a necessary one. (Pp. 114, 115.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Hunt County.

Huff sued and recovered judgment against the railway company which was affirmed on appeal by the defendant, who thereupon sued out writ of error.

*T. S. Miller* and *Perkins, Craddock & Wall,* for plaintiff in error.—The special charge is upon the weight of the evidence in that it justifies the act of the appellee in going upon the freight train with the consent of the brakeman, Haddock, and makes him a passenger conclusively if

brakemen habitually permitted or invited persons to go upon such trains. Stooksbury v. Swan, 85 Texas, 571; Railway Co. v. Robinson, 73 Texas, 284; Heldt v. Webster, 60 Texas, 209; St. Louis S. W. Ry. Co. v. Smith, 63 S. W. Rep., 1064; Railway Co. v. Parks, 1 Texas Law Jour., 499; San Antonio & A. P. Ry. Co. v. Lynch, 55 S. W. Rep., 517; San Antonio & A. P. Ry. Co. v. Lynch, 8 Texas Civ. App., 513; Houston & T. C. Ry. Co. v. Rutherford, 62 S. W. Rep., 1056.

The special charge is erroneous and upon the weight of the evidence in this: The evidence showed or tended to show that under the rules, orders and regulations of the appellant passengers were not permitted to be carried upon such trains as the one appellee boarded, it being a through or extra freight train. That the appellant had made reasonable efforts to enforce such rules, orders and regulations, and that brakemen had no authority to permit persons to go upon trains or to collect fares. Under the special charge the appellee was authorized to presume that Haddock, the brakeman, had authority to invite or permit him to go upon the train, and to collect the fare, if brakemen had been exercising such authority for such a length of time that the appellant, in the proper conduct of its business, must have known of such fact, and it is assumed in the charge that the appellant had made no rules, orders and regulations prohibiting such trains from carrying passengers, or if it had it had not made reasonable efforts to enforce same, and the appellant is made liable whether or not it had made such rules, orders and regulations and whether or not, if it had made them, it had used reasonable efforts to enforce the same. Same authorities.

If the appellant had made rules or regulations, or promulgated orders forbidding the carrying of passengers on freight trains, and its officers, chargeable with the enforcement of such rules, regulations and orders, had made reasonable efforts to enforce the same, questions which were for the jury to determine under the evidence, then the appellee was not authorized to presume that the brakeman had the authority to invite or permit him on the train and to collect fare therefor, and did not become a passenger notwithstanding the brakeman may have permitted him to ride on the train and had collected fare from him. Texas & P. Ry. Co. v. Black, 57 S. W. Rep., 330; Texas & P. Ry. Co. v. Black, 87 Texas, 160; Houston E. & W. T. Ry. Co. v. White, 1 Texas Ct. Rep., 743; Houston E. & W. T. Ry. Co. v. Jackson, 1 Texas Ct. Rep., 745; Atchison T. & S. F. Ry. Co. v. Mendoza, 60 S. W. Rep., 328; San Antonio & A. P. Ry. Co. v. Lynch, 8 Texas Civ. App., 513; San Antonio & A. P. Ry. Co. v. Lynch, 55 S. W. Rep., 517.

The court erred in refusing to give to the jury the special charge numbered 4, requested by the defendant, which is as follows: "The burden of proof is upon the plaintiff to show by a preponderance of the evidence that he was rightfully upon said train; that is to say, that he was upon the train with the knowledge and consent of the defendant, and the employe of the defendant who allowed him to be on the train had authority to permit him to be upon said train, and to permit him to

occupy the position he did occupy. If, therefore, you believe from the evidence that the plaintiff was on said train without the knowledge or consent of the defendant or the employe who permitted him to be thereon did not have authority to permit him to ride thereon, you will find for the defendant." Railway Co. v. Lynch, 8 Texas Civ. App., 513; Railway Co. v. Lynch, 55 S. W. Rep., 517; Texas & P. Ry. Co. v. Black, 57 S. W. Rep., 330; Brevig v. Chicago, etc., Ry. Co., 66 N. W. Rep., 403.

*Evans & Elder,* for defendant in error.—The issue upon which this special charge was given was an immaterial issue and not necessary to plaintiff's recovery, and the jury could not have reached any other conclusion. The issue as to whether or not the brakeman was clothed with the apparent authority to invite persons on its trains and to collect fares was submitted to the jury on the condition that they first find that the train that plaintiff boarded was then used and had been so used for a great number of years by the defendant as a vehicle for carrying passengers, and which latter fact, when established, rendered the issue as to the brakeman's authority immaterial and irrelevant. St. Louis S. W. Ry. Co. v. Franklin, 44 S. W. Rep., 701; Texas & P. Ry. Co. v. Jones, 39 S. W. Rep., 124; Hutch. on Carriers, sec. 554; International & G. N. Ry. Co. v. Prince, 64 Texas, 146; International & G. N. Ry. Co. v. Irvine, 64 Texas, 529; Houston & T. C. Ry. Co. v. Washington, 30 S. W. Rep., 719.

The issue of fact upon which the special charge was predicated, that is, the fact that the defendant's brakeman at the time plaintiff boarded the train and for many years immediately prior thereto was engaged in performing the duties of inviting persons on its trains and collecting fares was uncontradicted. And if said charge is subject to the criticism that it assumes as true such facts the same was authorized by that principle of practice that a charge is not upon the weight of the evidence when the facts upon which it is predicated are undisputed. Wintz v. Morrison, 17 Texas, 372; Hedgepeth v. Robertson, 18 Texas, 872; International & G. N. Ry. Co. v. Stewart, 57 Texas, 170; Bonner v. Green, 6 Texas Civ. App., 100; Houston E. & W. T. Ry. Co. v. Granberry, 16 Texas Civ. App., 344; Fort Worth & N. O. Ry. Co. v. Pearce, 75 Texas, 281; Railway Co. v. Rowland, 22 S. W. Rep., 136; Telegraph Co. v. Cooper, 20 S. W. Rep., 47; Sickles v. Missouri K. & T. Ry. Co., 13 Texas Civ. App., 437; Missouri P. Ry. Co. v. James, 10 S. W. Rep., 332.

The special charge was not upon the weight of the evidence, but certain facts were enumerated in said charge, they being all the facts on the issue, and the truth of those was left to the jury to determine from the evidence; and the court instructed the jury as to the legal effect, of such facts when established. Krueger v. Chicago & A. Ry. Co., 68 S. W. Rep., 220; 3 Thompson on Neg., sec. 3305; Gulf C. & S. F. Ry. Co. v. Moorman, 46 S. W. Rep., 662; Gulf C. & S. F. Ry. Co. v. Campbell, 76 Texas, 174; Dallas v. Gulf C. & S. F. Ry. Co., 61

Texas, 196; Bonnett v. Galveston H. & S. A. Ry. Co., 89 Texas, 72; Houston E. & W. T. Ry. Co. v. Granbury, 16 Texas Civ. App., 344; Anderson v. Martindale, 61 Texas, 188.

WILLIAMS, Associate Justice.—The defendant in error received the injuries for which he recovered the judgment now before us for revision in alighting from one of defendant's freight trains at Greenville, to which place he had traveled on the train from Celeste. He claims that he was a passenger, while the defendant (the plaintiff in error) claims that he was on the train in violation of its rules by collusion with one of its brakemen. The evidence tended to show that the servants operating such trains as the one in question were prohibited to carry passengers and that they had no authority from the company to do so. And there was evidence of insistence by the company upon the observance of this rule by its employes. A great mass of testimony was introduced tending to show an extensive violation of such rules by the trainmen, from which plaintiff sought to raise the inference that the defendant must have known of this conduct of its employes; that it had made no reasonable effort to suppress it, and had thereby justified the belief that the carriage of passengers on such trains was authorized. The jury could, however, have viewed this evidence as showing merely that the travel on these trains was without the consent of superior officers, and for the benefit of the trainmen who appropriated the fares paid, and that this was understood by the travelers. The questions thus arising were submitted to the jury by instructions of which no complaint is made before this court, and we must assume that the train was one upon which a person taking passage in good faith could have lawfully become a passenger. There was, however, the further question whether or not, under the facts shown, plaintiff acquired that relation to the company. It does not necessarily follow that because he was on a train upon which passengers could be taken that he was such. He traveled, not upon the caboose and under the care of the conductor, but upon a flat car laden with coal, and the jury could have found that he took this position upon the direction of a brakeman who received and appropriated his fare, and when he arrived at Greenville he was hurt because of his being at that place in the train while alighting, still under the direction of the brakeman and without the knowledge of the conductor. The question whether or not the relation of passenger and carrier ever arose between him and the railway company was thus made prominent, and this depends upon the authority of the brakeman to bind the company by receiving him at such a place in such a train. Certainly it is not to be presumed either that the brakeman had authority to make a contract of carriage at all or that a traveler could acquire the rights of a passenger by getting and remaining in such a car. International & G. N. Ry. Co. v. Anderson, 82 Texas, 516; Missouri K. & T. Ry. Co. v. Williams, 91 Texas, 255; Texas & P. Ry. Co. v. Black, 87 Texas, 160.

The burden was upon the plaintiff to make it appear not only that passengers had the right to take passage on such a train, but that the employe who contracted to let him ride at that unusual place had real or apparent authority from the company to make such a contract. Upon this subject the court gave, at plaintiff's request, the following special charge: "If you find from the evidence that the defendant was a common carrier of passengers for hire on the 16th day of March, 1902, and was using for that purpose the kind of freight train that plaintiff boarded in accordance with the instructions given you in the general charge; and if you find from the evidence that plaintiff approached J. F. Haddock and was authorized by him to board said train and you find that plaintiff paid the fare to him; and if you further find that J. F. Haddock was a brakeman on said train, and had no express authority to invite persons on said train or to collect fares; and you find that the conductor of said train had no knowledge of plaintiff's presence on said train, and did not authorize him to board said train; yet if you find from the evidence that the defendant's brakemen on its freight trains on its lines in Hunt County were exercising such authority or performing such duties for such a length of time that the defendant, in the proper conduct of its business must have known of such facts, then and in that event the plaintiff had the right to presume that such servant was authorized to perform such duties."

We are of opinion that this charge is erroneous for several reasons. First, it declares, as a matter of law, that from the facts stated the plaintiff was authorized to presume authority in the brakeman, when the question was for the jury itself to determine whether or not such facts as the evidence disclosed justified an inference of such authority in a person of ordinary prudence. Second, it authorizes such presumption on plaintiff's part, without regard to circumstances, which there was evidence tending to show, from which plaintiff may have been sufficiently informed that this brakeman was acting in violation of his duty to his employer in his own behalf and for his own private gain. Third, it excludes from consideration evidence tending to show that the supposed course of conduct of brakemen was very difficult to prevent and was pursued in spite of efforts on the part of their superiors to suppress it. Fourth, it is not true that the inference of authority to do such forbidden acts would necessarily arise from the mere facts that they were done and the company knew it. Those facts might exist while the company was doing enough to show that it was not acquiescing but was endeavoring to enforce its rules and suppress violations of them. It must be remembered that no one would be authorized to presume, without evidence, that a brakeman has authority to make such a contract of carriage express or implied as that which is claimed to have arisen in this case, and he who asserts such authority has the burden of showing it otherwise than by inference arising from the position held by such an employe, because no such inference arises from the character of the employment. It is true that the evidence tends to show that this

brakeman represented himself to the plaintiff to be the conductor, but other questions would arise as to the effect of that fact to which this charge is not addressed, and which therefore are not before us for consideration. The charge was well calculated to deprive the defendant of the judgment of the jury upon the several matters which we have pointed out, if not others, and can not be held harmless in a case like this where most of the facts which plaintiff must establish are, to say the least, debatable. Nor does the reference to the general charge relieve the special instruction of its erroneous features, the reference being only to those parts of the general charge relating to the question whether or not the freight train carried passengers, and not to any instruction concerning the authority of the brakemen.

*Reversed and remanded.*