## JOHN JACOBSON v. GREAT NORTHERN RAILWAY COMPANY.[1]

December 20, 1912.

Nos. 17,723—(69).

**Object of rules of practice.**

Rules of pleading and practice are mere means to an end, and do not

1 Reported in 139 N. W. 142.

themselves constitute the end sought to be obtained by a judicial determination, their purpose in all cases being to facilitate and insure the administration of justice; and in no case should they, by blind and unreasoning application, be allowed to defeat the very purpose for which they were adopted.

### Concurrent causes of accident — failure of proof — dismissal.

Where the complaint, in an action by a servant against the master for injuries alleged to have been caused by the negligence of the latter, charged that the defendant furnished the plaintiff with two defective or insufficient instrumentalities with which to work, and the proof failed as to one, but the evidence as to the other was sufficient to make an issue for the jury, the fact that both of the acts of negligence so charged were alleged to have been the concurrent causes of the accident did not necessarily require a dismissal of the action, and, it appearing that the defendant was not prejudiced thereby, did not constitute ground for setting aside the verdict of the jury in favor of the plaintiff. R. L. 1905, § 4161.

### Questions for jury.

Evidence in an action by a night coal chute tender for injuries alleged to have been caused by his employer's failure to supply his lantern with the proper kind of oil, thus causing it to be suddenly extinguished while the plaintiff was climbing a ladder attached to the chute, whereby he was caused to fall, considered, and held sufficient to take the case to the jury, both upon the issue of negligence and upon that of proximate cause.

### Charge to jury.

Instruction in such action considered, and held not to constitute reversible error, in that it failed to state the constituent elements of actionable negligence.

Action in the district court for Clay county to recover $5,000 for personal injuries. The material allegations of the complaint are summarized in the second paragraph of the opinion. The answer alleged negligence on the part of plaintiff. The case was tried before Taylor, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $1,500 in favor of plaintiff. From an order denying defendant's alternative motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*J. D. Sullivan* and *M. L. Countryman,* for appellant.
*Christian G. Dosland,* for respondent.

PHILIP E. BROWN, J.

Appeal by the defendant from an order denying its motion for a judgment notwithstanding the verdict or for a new trial, made after a verdict for the plaintiff, in an action to recover damages alleged to have been caused by the defendant's negligence.

The complaint, after setting out the usual formal parts, charged that the plaintiff was employed by the defendant in the loading of coal out of a coal shed in Barnesville, and that to perform such work it was necessary for him to go into the upper part of the shed, which was about 35 feet above the ground and accessible only by means of a ladder provided by the defendant for that purpose; that the plaintiff, pursuant to his duty, on the evening of February 23, 1910, attempted to ascend the ladder; that the defendant neglected to furnish the plaintiff a safe place in which to work, and likewise failed to furnish him with safe appliances, tools, and instrumentalities, in that the ladder was not provided with guards or railings, and that the defendant negligently permitted the rounds or rungs of the ladder to become and remain loose and in a state of disrepair, and furthermore neglected to provide adequate or suitable means of lighting the ladder or surrounding premises, the only means provided by the defendant for lighting the ladder and shed being a lantern fitted with wick and burner suitable for the burning of signal oil, and unfitted for the burning of other kinds of illuminating oils, and negligently failed to furnish signal oil, but provided kerosene for use in the lantern, the unfitness of which for use in such lantern being known to the defendant, but unknown to the plaintiff; that on the evening of the day aforesaid, while the plaintiff, provided with no means of lighting his way up the ladder, other than the lantern above described, was about 32 feet above the ground, the light suddenly went out because of the unsuitableness of the oil, and "that by reason of the darkness caused by the sudden extinguishing of said light, as well as the faulty and dangerous construction of said ladder, and by reason of said ladder being in a state of disrepair as hereinbefore specified, plaintiff * * * lost his balance upon said ladder and was thereby precipitated to the ground; that plaintiff, by reason of all

of the facts set forth, received great and permanent bodily injuries," to his damage in a stated sum.

The only claim of negligence which the court submitted to the jury concerned the failure of the defendant to furnish proper lantern oil; it being held that such was the only actionable negligence proper to be submitted.

1. The appellant's first contention relates to a matter of pleading, and the claim made is that, having, in the portions of the complaint which we have quoted, alleged that the injury occurred, not from two several and distinct acts of negligence, but from two acts or omissions taken together, the plaintiff's failure to prove both of the charges—that is, the insufficiency and defective condition of the ladder as well as the neglect to provide proper oil—constituted a failure of proof. The defendant, arguing from the premises stated, claims that the court erred in refusing to dismiss the action.

We do not find in the record that the attention of the court below was called to this contention on the trial, and the trial, it seems, proceeded in the same manner as if the complaint had been in the usual form. There is moreover no suggestion that the defendant was in any way misled in its defense to both of the charges of negligence, taken either separately or together, and it offered evidence to meet both charges. Furthermore, the court expressly stated and warned counsel that the charge of negligence based upon the condition of the ladder would not be submitted to the jury, and the defendant made no objection, either at such time, or when the case was submitted upon the sole issue of negligence in furnishing improper oil.

It may be a rule of pleading that where the complaint, in a single count, contains several averments, all of which, combined together, make up the one cause of action alleged, it is necessary to prove each of the several averments in order to sustain the cause of action as laid. See Birmingham Co. v. Baylor, 101 Ala. 488, 493, 13 South. 793; Wormsdorf v. Detroit, 75 Mich. 472, 42 N. W. 1000, 13 Am. St. 453; Ratteree v. Galveston, 36 Tex. Civ. App. 197, 81 S. W. 566; 6 Thompson, Negligence, § 7474. But we have no occasion here, we think, to consider whether such is the rule or not, nor to determine

the kindred question whether, if such be the rule, the complaint in the instant case comes within it.

Rules of pleading and practice are mere means to an end, and do not themselves constitute the end sought to be attained by a judicial determination. They are only methods of operation, or they might be said to be the grooves in which the wheels of the judicial machinery ordinarily run. In all cases their purpose is to facilitate and insure the administration of justice, and in no case should they, by blind and unreasoning application, be allowed to defeat the very purpose for which they were adopted, or even unreasonably or uselessly to delay the determination of the case. Where, therefore, the reason of such a rule fails, it is familiar law that the rule itself ceases to apply. With this conception of the rule invoked by the defendant in mind, let us again consider the defendant's contention.

It is not claimed that the complaint is defective in charging the defendant with negligence in the furnishing of improper oil, but only that it was established on the trial that the ladder had no defects. The question then is: Where a complaint in an action for negligence alleges that the master furnished to his servant two defective or insufficient instrumentalities with which to work, and the proof fails as to one, but the evidence as to the other is sufficient to make an issue for the jury, should the plaintiff be nonsuited on account of his failure to prove both, merely because he has alleged both as concurrent causes of the accident? The only result of such a dismissal would be to bring about a new trial of the action upon an amended complaint, eliminating the cause of action which was not proved, or which, perhaps, was not provable; and to apply such a rule after verdict would be sacrificing substance to form, at least where it appears that no prejudice has resulted.

Our statute (R. L. 1905, § 4161) provides: "In every stage of an action, the court shall disregard all errors or defects in the pleadings and proceedings which do not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason thereof." Applying this statute to the point under consideration, we must rule against the defendant's contention.

2. On the merits, the defendant contends that the plaintiff failed

to establish negligence in the furnishing of kerosene oil for the lantern, and, further, that if such contention be determined against it, then such negligence was not the proximate cause of the injury, and that there should at least have been a new trial; and in considering these questions we must assume the truth of the defendant's claim, above stated, that there were no defects in the ladder. Upon the record before us it must be admitted that the plaintiff's version of the accident is somewhat confused and contains some contradictions. This, however, is neither remarkable nor necessarily significant, when we consider the length to which the plaintiff was interrogated, and from his evidence, taken as a whole, a fairly clear and consistent account of the matter may readily be gathered. Among other things, we find in the record a written statement, made by the plaintiff on March 25, 1910, narrating the occurrences which preceded his injury. This statement was received in evidence, and the jury were, we think, warranted in believing it. It is substantially as follows: On February 18, 1910, the plaintiff was given the position of night coal chute man for the defendant at Barnesville, and worked in that capacity until February 23, 1910, when he was injured. In order to perform his duties he had to climb a ladder 36 feet long, which was attached almost perpendicularly to the side of the coal shed. About 9 o'clock, on the night stated, which was very dark, the plaintiff, in the performance of his duties, undertook to ascend the ladder. The coal chute was unlighted, and he carried with him a signal oil lantern furnished him by the defendant, which, however, was filled with kerosene, instead of signal oil. As to what happened thereafter, we quote from the plaintiff's statement: "When I was within about 6 feet of the top of the ladder, my lantern caught on one of the braces or rungs of ladder, and went out, and I missed next brace when I grabbed for same; that is, I grabbed short, I being unable to see when lantern went out, in consequence of which I lost my balance and fell to ground below."

There was evidence tending to show, and sufficient, if believed, to warrant a finding, that kerosene was not the proper kind of oil to use in a lantern of the kind here in question, which was designed and manufactured especially for the burning of signal oil, the burner

thereof being different from a kerosene burner, and that, if kerosene is used in such a lantern, the light is likely to be extinguished by any sudden movement, whereas such is not likely to happen when signal oil is used, of which facts the defendant was aware, but the plaintiff was not. It also appeared that the night was frosty and cold, and that the plaintiff was heavily dressed, with mittens on his hands; the lantern being carried suspended from his left arm as he ascended the ladder.

Upon the above showing, we think the jury were warranted in finding that the defendant was negligent in equipping the lantern with kerosene. We think, also, that, within the rule of Christianson v. Chicago, St. P. M. & O. Ry. Co. 67 Minn. 94, 69 N. W. 640, and the numerous cases following it (see 2 Dunnell, Minn. Dig. § 7002), the question of proximate cause was for the jury. At least, we find no occasion to disturb the verdict on either of the grounds stated, after the trial court's refusal to set the same aside.

3. The defendant's last claim is that the court erred in instructing the jury as follows: "If, after considering all of the evidence in the case, you are satisfied that this lantern was more easily extinguished when burning kerosene than when burning signal oil, and that it would not have been extinguished at the time of the accident, had it been burning signal oil instead of kerosene, and are further satisfied that the extinguishing of the lantern caused the plaintiff to lose his hold upon the ladder and fall, these are facts from which you can find that the accident resulted from the negligence of the defendant." The criticism of this instruction is that it directs the jury as to what, as a matter of law, would constitute negligence under any particular given circumstances. But, assuming this criticism to be well founded, the instruction was equally vulnerable thereto at the time it was given, and yet no objection was made at such time. The instruction is faulty, in that it fails to state the constituent elements of actionable negligence; but the jury were elsewhere in the instructions plainly told that the plaintiff could not recover unless the defendant was negligent, and that portion complained of would seem to have been directed more to the issue of proximate cause than to that of negligence. The defect complained of, therefore, was clearly due to a

mere oversight on the part of the trial court, which evidently also es-
caped the notice of the defendant's counsel on the trial, and, for the
reasons stated in subdivision 1 of this opinion, we cannot hold, un-
der the circumstances, that it constitutes reversible error.

Order affirmed.