## BEHYMER v. MOSHER MFG. CO.
### (No. 7669.)

(Court of Civil Appeals of Texas. Dallas. Feb. 10, 1917. Rehearing Denied March 17, 1917.)

1. NEGLIGENCE ⬤▭142—SPECIAL FINDING AS TO CONTRIBUTORY NEGLIGENCE—USE OF WORD "PROXIMATELY."

An affirmative answer by the jury to a special issue submitted, whether plaintiff's contributory negligence "caused or contributed to cause" injury, bars plaintiff's recovery, although such special issue did not use the word "proximately"; proximateness of the cause being necessarily implied.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 400–403.]

2. APPEAL AND ERROR ⬤▭909(1)—PRESUMPTION.

In action for personal injuries, where contributory negligence was pleaded as proximately causing the injury and judgment rendered for defendant upon answers to special issues, it will be presumed, in the absence of a statement of facts, that the fact that the contributory negligence of plaintiff proximately caused his injury was found by the court and supported by the evidence, although the jury did not necessarily find that plaintiff's negligence was the proximate cause of the injury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3675.]

Error from District Court, Dallas County; Kenneth Foree, Judge.

Action by W. M. Behymer against the Mosher Manufacturing Company. Judgment for defendant, and plaintiff brings error. Affirmed.

W. H. Clark and John S. Fannin, both of Dallas, for plaintiff in error. Smith, Robertson & Robertson, of Dallas, for defendant in error.

RAINEY, C. J. Plaintiff in error sued defendant in error to recover damages for personal injuries, alleging in substance that he was run over by an employé of defendant in error, who was negligently and recklessly driving an automobile along a public street, while he was exercising proper care for his own safety; that said driver was engaged in defendant's business, was negligent in not having said automobile under control, and was not using reasonable care, which negligence was the direct and proximate cause of plaintiff's injuries; that said driver then and there saw and discovered the plaintiff crossing the street and realized his perilous situation in time to have prevented injuring him. Defendant answered by demurrers, general denial, but admitted it was a corporation; that the driver of said automobile was in its employ and was acting within the scope of his employment. It expressly denied each and every charge of negligence against it. It alleged that the automobile was being run and operated in a careful manner, and that plaintiff's injury was caused by his own negligence, which was the direct and proximate cause of his injuries. The case was submit-

ted to the jury on special issues and upon the return of answers, to which the court rendered judgment for defendant, from which this appeal is taken.

There is no statement of facts, and this case will depend upon the face of the record, whether or not any error is shown in the trial of the case.

The plaintiff attacks the judgment rendered as not being justified from the answers returned by the jury to the issues submitted and presents the following proposition:

"The jury having specially found that the defendant's negligence was the direct and proximate cause of the plaintiff's injury, the liability of the defendant became thereby established, and, in the rendition of a judgment on the verdict, their answers to subsequent questions, which related solely to the defense of plaintiff's contributory negligence, should not have been considered and should have been treated by the court as mere surplusage, and immaterial, in the rendition of a proper judgment upon the verdict, in the absence of any finding of fact by the jury showing that plaintiff's negligence proximately contributed to his injury."

The judgment shows that the issues submitted to the jury which are pertinent here are as follows:

"Question No. 1. Was the defendant's servant, Grasty, negligent? Answer, 'Yes,' or, 'No.' Answer: 'Yes.'

"If you have answered question No. 1, 'No,' then you need not answer this question; but if you have answered such question No. 1, 'Yes,' then you will answer this question: Question No. 1½. Was the negligence of the defendant's servant, if any you have found, the direct and proximate cause of the injury to plaintiff, if any. Answer, 'Yes,' or, 'No.' Answer: 'Yes.'

"Question No. 2. Was the plaintiff guilty of contributory negligence? Answer, 'Yes,' or 'No.' Answer: 'Yes.'.

"If you have answered question No. 2, 'No,' then you need not answer this question; but if you have answered question No. 2, 'Yes,' then you will answer this question: Question No. 2½. Did the contributory negligence of the plaintiff, if any you have found, cause or contribute to cause the injury to the plaintiff? Answer, 'Yes,' or 'No.' Answer: 'Yes.'"

[1] The contention of plaintiff for a reversal of this case is simply that the jury having found that defendant's negligence was the direct and proximate cause of the plaintiff's injury, and did not find that plaintiff's negligence "proximately" contributed to his injury, judgment should be for plaintiff. We do not concur in this contention. The issue No. 2½ submitted did not use the word "proximately," but the jury therein were asked, "Did the contributory negligence of the plaintiff, if any you have found, cause or contribute to cause the injury to the plaintiff?" which was answered, "Yes." This finding clearly includes that plaintiff's negligence was the direct and proximate cause of his injury and precludes plaintiff's recovery. Railway Co. v. Arnold, 87 S. W. 173; Railway Co. v. Vizard, 39 Tex. Civ. App. 534, 88 S. W. 461; Ratteree v. Railway Co., 36 Tex. Civ. App. 197, 81 S. W. 567; Railway Co. v. Les-

ter, 99 Tex. 214, 89 S. W. 754; Railway Co. v. Cotts, 95 S. W. 303.

In the case of Ratteree v. Railway Company, supra, it is said by Mr. Justice Fly:

"We cannot conceive of negligence that 'caused or contributed' to an injury not being such negligence as must have 'proximately contributed' to the injury; but, however that may be, the courts of Texas have condemned charges that informed juries that contributory negligence which will defeat a recovery must proximately cause the injury"—citing Railway Co. v. Rowland, 90 Tex. 365, 38 S. W. 756, and other cases.

In Railway Co. v. Lester, supra, the question of contributory negligence of plaintiff was being considered by the Supreme Court. Mr. Justice Brown, speaking for the court, said:

"It will be seen that this charge is negative and directs the jury to find for the defendant. It is correct in the conclusions stated, for, if the jury found that the act done by the plaintiff was negligent, and that it contributed to his injury, they should have found for the defendant, as directed by the court."

From the authorities cited we conclude that the contention of plaintiff should be overruled.

[2] But aside from the above holding, in the absence of a statement of facts, we will presume that the evidence was sufficient to justify the court in rendering a judgment for defendant. Contributory negligence was pleaded by defendant, and was pleaded as the proximate cause of the injury, and although, if the jury did not necessarily find that plaintiff's act of negligence was the proximate cause, it will be presumed in support of the judgment that such fact was found by the court and supported by the evidence.

The judgment is affirmed.