**GALVESTON, H. & S. A. RY. CO. v. LEIFESTE et al. (No. 1077—5293.)**

Commission of Appeals of Texas, Section B.
Jan. 22, 1930.

Baker, Botts, Parker & Garwood, of Houston, and Dibrell & Mosheim, of Seguin, for plaintiff in error.

A. J. Wirtz and R. A. Weinert, both of Seguin, and Touchstone, Wight, Gormley & Price, of Dallas, for defendants in error.

LEDDY, J. I. V. Leifeste, a young unmarried man 25 years of age, was killed in a collision between one of plaintiff in error's pas-

senger trains and the automobile which he was driving, at a point where the public road crossed the railroad track in the town of Marion.

His parents brought this suit to recover damages occasioned by reason of his death, and in a trial before the court without the intervention of a jury were awarded a judgment in the sum of $7,500, and an appeal from such judgment resulted in its affirmance by the Court of Civil Appeals. 8 S.W.(2d) 764.

Plaintiff in error's petition for writ of error was granted by the Supreme Court upon an assignment contained therein complaining that there was no evidence whatsoever that the decedent had contributed anything to the support or maintenance of his parents, nor was there any evidence showing that he had done any act from which it might reasonably be inferred that his parents had an expectation of receiving benefits from him had he lived.

The basis for the recovery of damages by parents for the death of an adult son is thus stated in the opinion of the Supreme Court in the case of Francis v. Atchison, T. & S. F. R. Co., 113 Tex. 202, 253 S. W. 819, 820, 30 A. L. R. 114: "Plaintiff in error then has the right to recover of defendants in error for the wrongful death of his son the present value of such an amount only as he may be able to show the son would probably have contributed to his parents' support had he lived. This at best, can only be imperfectly shown; but, to enable the court and jury to ascertain such amount, plaintiff in error is permitted to show the character of the son, his affection and disposition toward his father and mother, his earning capacity, his probable future earning capacity, etc., also the ages of himself and wife, their state of health, life expectancy, and financial or pecuniary condition and need of such help and contributions from the son."

The record here shows that the father of the deceased was employed as a school teacher in the town of Marion, earning about $1,350 per year. This was the sole source of income to support himself and wife, with the exception of interest on about $8,000, which constituted his life accumulations; some $2,000 of such sum being insurance money collected on account of the death of the son. He was 55 years of age, and from the amount of salary earned it appeared wholly improbable he could accumulate a competence for himself and wife before he would be compelled to retire from the active pursuit of his profession.

He testified that his son, together with other children, paid him board while they remained at home, the son who was killed paying $15 per month; that it was customary for his children to increase this amount as their earning capacity increased; that he reasonably expected the boy to pay a larger

sum when he became better able to do so; that up to the time of the death of the son he did not need any support from him.

The mother, who was 54 years of age, testified that she had discussed with her son his future ambition as to business, and that his purpose was to get a business of his own. He wished to establish an automobile business, and this was his reason for enlisting in the motor transport division of the United States Army, in which he served for a period of three years; that while the son was in the marine corps of the army he obtained a certificate of efficiency in the engineering division. She further testified that the son was sober, economical, and industrious; that he was very affectionate toward her, and showed no intention of getting married at an early date. Her husband's salary was $150 less per year now than it was at the time the boy was killed. She and her husband did not own a home, or any real estate.

The mother was permitted to give this further testimony: "From the experience of my son, taking into consideration his ambition, his character, and affection for me, it is my opinion that in the event I needed help from him in the future I could have expected and received help from him."

It was shown that on the son's return from service in the army he went to work for the Blumberg Motor Company, Ford dealers, in the town of Marion, and had been working for that concern a little over four months at the time of his death. Up to March 1st previous he had been working in the shop, selling tires; his salary being $40 per month. On March 1 his employer promoted him to the position of automobile salesman at a salary of $50 per month, plus a commission of $5 on each car sold, with a quota of five cars per month. Deceased had shown some ability as salesman, and it appeared that other salesmen of like ability were earning from $100 to $125 per month.

The verdict in this case, considering the testimony adduced, it seems to us, is unusually large. The Supreme Court, however, is without power to reverse the judgment because of excessiveness of the verdict. The judgment of the Court of Civil Appeals, which holds that the verdict is not excessive, is final, and not subject to review by the Supreme Court. Burrell Eng. & Const. Co. v. Grisier, 111 Tex. 477, 240 S. W. 899; Cotton v. Cooper (Tex. Com. App.) 209 S. W. 135; W. U. Tel. Co. v. Hicks (Tex. Com. App.) 265 S. W. 381.

The evidence unquestionably justified a finding for some amount in favor of the parents. Such being the case, we cannot sustain plaintiff in error's insistence that there is no evidence in the record to sustain an award of any sum in favor of the parents.

Defendants in error presented by proper plea the issue that the operatives of plain-

tiff in error's locomotive discovered Leifeste's peril in time to have avoided striking him, by the proper use of the means at their command, and there was evidence tending to establish such issue.

The trial court filed no findings of fact or conclusions of law. Under such circumstances, in support of the judgment of the trial court, the presumption must be indulged that the issue of discovered peril was determined favorably to defendants in error. Behymer v. Mosher Mfg. Co. (Tex. Civ. App.) 192 S. W. 1148; Griffin v. Bell (Tex. Civ. App.) 202 S. W. 1034.

Plaintiff in error urged no assignment of error in the Court of Civil Appeals challenging the sufficiency of the evidence to sustain the judgment of the trial court upon the issue of discovered peril. The issue urged in this court that Leifeste was guilty of contributory negligence as a matter of law becomes immaterial for the reason that, if sustained by us, it would not operate to reverse the judgment. St. Louis B. & M. Ry. Co. v. Cole (Tex. Com. App.) 14 S.W.(2d) 1024.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.