DANIELS et al. v. RAMIREZ et al.

No. 4520.

Court of Civil Appeals of Texas. El Paso.

Sept. 18, 1947.

Rehearing Denied Oct. 16, 1947.

·Eugene T. Edwards and Kemp, Smith, Brown, Goggin & White, all of El Paso, for appellant.

Samuel K. Wasaff, of El Paso, for appellee.

SUTTON, Justice.

This appeal is from the 41st District Court of El Paso County. The suit is a death action, brought by Yalario Ramirez and his wife against Dan Daniels and E. E. Wheelock, Administrator of the estate of Ramon Viramontes, to recover damages for the death of a seventeen years five months old daughter of the Ramirezs. The trial on the facts was to a jury and on the verdict of the jury the court entered judgment in favor of the plaintiffs against the defendants, jointly and severally, for the principal sum of $10,370.00 damages, costs, etc.

The suit grew out of a collision accident at a road crossing between a school bus in which the deceased Ramirez girl was a passenger and a Chevrolet sedan owned and driven by Daniels. Each of the defendants took the position the other was wholly responsible and liable for the damage, if any be established, and each sought

recovery over against the other, and contribution in the alternative.

There were various grounds of negligence pleaded against each of the defendants, and the jury, in response to special issues, found each of the defendants guilty of negligence in failing to keep a proper look out; for driving at a negligent rate of speed under the circumstances, and negligence in a failure to reduce speed. The bus driver, Viramontes, was found guilty of negligence in failing to stop before entering the intersection, and that Daniels was negligent in failing to swerve his car away from the bus. The jury further found the negligence of neither was the sole proximate cause of the accident and consequent damage.

The court rendered judgment in favor of Daniels against Wheelock, Administrator, for any sum Daniels might be required to pay on the joint and several judgment in favor of the plaintiffs, on the theory the bus driver was guilty of active negligence and Daniels only of passive negligence.

The defendants join in a number of points directed against the judgment in favor of the plaintiffs, but they primarily involve one fundamental question which has to do with the recovery of the damages in the amount recovered and the issue submitting the damages and the explanatory instruction given in connection therewith on the ground "there is no sufficient evidence before the jury and the evidence is utterly lacking to establish the period, if any, during which plaintiffs could reasonably have expected to receive contributions from their daughter."

Daniels insists he was entitled to an instructed verdict and judgment, notwithstanding the verdict. Wheelock complains of the judgment against him in favor of Daniels and of the failure of the court to award him contribution against Daniels.

We find ourselves in the unfortunate position of being compelled, we think, to reverse the judgment. Plaintiffs sought to recover the funeral expenses in the sum of $370.00; the earnings and contributions of the deceased daughter until she arrived at the age of twenty-one, and such contributions as they might reason-

ably expect from her after she attained full age. Her father testified but her mother did not appear in court. There is no allegation, which is thought not to be necessary, of the age and condition of the health of either of the plaintiffs, nor is there any evidence of their ages, nor of the condition of health, except in the narration of the contributions in money and services made by the deceased daughter the father said the mother had been in poor health for some eight years prior to the death of the daughter and that she, as the eldest of nine children, had largely had the responsibility of the household duties and care of the smaller children. This is the whole of the testimony upon which the jury might estimate the expectancy of the parents. It is said the evidence is insufficient and wholly lacking in this respect, and from which we think there is no escape. The plaintiff father testified the girl earned and contributed approximately $750.00 per annum for some three years prior to her death.

Special Issue No. 19 inquired of the jury:

"From a preponderance of the evidence what sum of money, if paid now in cash, do you find would fairly and reasonably compensate the plaintiffs, Yalario Ramirez and his wife, Mrs. Yalario Ramirez for the pecuniary benefit, if any, which they had a reasonable expectation of receiving from the deceased Elena Ramirez had she lived?"

In connection therewith the jury were instructed they might take into consideration the pecuniary value of her services until she arrived at the age of twenty-one; the funeral expense and further:

"and if you further believe from a preponderance of the evidence that plaintiffs had a reasonable expectation of receiving from the said Elena Ramirez, had she lived, considering her position and ability contributions to their wants and necessities after she reached her majority, then you may take into consideration whatever pecuniary aid, if any, the parents had a reasonable expectation of receiving."

The objection and exception to this issue and the instruction in this respect has heretofore been indicated. It is apparent much of the recovery awarded must have been for the contributions expected after the girl arrived at her majority. It is essential in such cases, as in any other character of case, that the verdict of the jury have a reasonable and substantial basis in the evidence and may not be left to surmise and speculation. West Lumber Co. v. Hunt, Tex.Civ.App., 219 S.W. 1106, loc. cit. 1112. Since the early case of Gulf C. & S. F. Ry. Co. v. Compton, 75 Tex. 667, 13 S.W. 667 (T), it has been considered and held that sufficient and proper proof of this under the statute is the age and physical condition of the plaintiffs, aided sometimes but not dependent upon the life expectancy as set up by the American Experience Tables of Mortality. This proof is made the basis of recovery in Atchison, T. & S. F. Ry. Co. v. Francis, 113 Tex. 202, 253 S.W. 819, 30 A.L.R. 114 (T) and Galveston, H. & S. A. Ry. Co. v. Leifeste, Tex.Com.App., 22 S.W.2d 1061. See also Guitar v. Wheeler, Tex.Civ.App., 36 S.W. 2d 325 and Gulf States Utilities Co. v. Moore, Tex.Civ.App., 47 S.W.2d 488, in each of which cases cited other cases are referred to. Obviously a parent thirty-five years of age would have a greater expectancy than one in as good physical condition forty-five years old and one in sound health more than one in ill health. Proof of the period of time parents may reasonably expect such contributions, like other matters involved in such cases, can only be imperfectly made and much must be left to the good sense of the jury, but the proof required is simple and easily made, and it is thought not too much to require that small proof.

Plaintiffs suggest the proof is sufficient to support the judgment in this respect because the father testified and the jury were able to judge of his probable age and condition of health; that the mother had given birth to a child since the death of Elena and that she may be presumed to be under fifty, and that Rule 274, Texas Rules of Civil Procedure, required that the exceptions point out specifically the error in the charge and the exceptions in this instance are not within the rule. Authorities from other states only are cited. As applied to the father the position may be well taken, Gainesville, H. & W. Ry. Co. v. Lacy, 86

Tex. 244, 24 S.W. 269, 270, 2nd. col. But if the jury be permitted to presume the mother under fifty, then it is pure speculation as to what age they might use as a basis of the estimate, and no showing is made as to what the nature of her illness is but merely that she had been ill for some eight years. We do not wish to be understood to hold that a woman who gives birth to a child may be presumed as a matter of law or fact to be under fifty years of age, but if it be conceded as is suggested by plaintiffs that Mrs. Ramirez was under fifty years of age based upon the birth of a child since the death of the daughter, then the jury were compelled to make at least two pure guesses. They had to guess at her age, and did they guess it to be 30, 40, 45, or 50, or at some other point between 30 and 50? They had to likewise guess at her physical condition. Did they guess it to be poor, reasonably good or good, or some other condition between good health and poor? The size of the verdict would indicate the guess was favorable on both age and condition of health, but it is nevertheless pure guess work. In the instant case there was no apportionment between the father and mother, but the verdict is a lump sum in favor of them jointly. The whole must stand or fall.

██ Rule 274 has to do with the charge and not with the proof. It does not require the opposing party to point out to his adversary the proof required to make out his case. There was nothing wrong with the issue so far as form and substance are concerned and the instructions given in connection therewith are sound abstract propositions of law, but there was lacking evidence to justify the submission and to support the recovery authorized. The objection specifically pointed out the matter to which objection was made and the grounds when they objected and excepted because "there is no sufficient evidence before the jury and the evidence is wholly lacking to establish the period, if any, during which plaintiffs could reasonably have expected to receive contributions from their daughter." We think the rule fully complied with and the defendants were not required to point out the proof necessary to warrant the recovery.

██ Daniels predicates his contention that he was entitled to an instructed verdict, or judgment notwithstanding the verdict, and seeks to sustain the judgment in his favor against Wheelock, on the provisions of Art. 827a, Sec. 12, Vernon's P.C., applied to the facts in this case. Under the record here we think it may not be done. The position is the road upon which Daniels was driving was a "through highway" under the article, supra, and the bus driver was guilty of negligence as a matter of law and Daniels entitled to the right of way and protected by the stop sign that confronted the bus. The article authorizes the Highway Department to "designate main traveled or through highways by erecting at the entrances thereto signs notifying drivers of vehicles to come to a full stop before entering or crossing any such highway" if they be "State Highways under its jurisdiction." This was a cross-roads and there was but one sign. The sign was on the north side of the road upon which Daniels drove but there was none on the opposite side. We take it there could not be a through highway at a cross-intersection when one side is protected only and the other is unprotected. Further than this, the record is wholly silent with respect to the character of these roads. There is nothing in the statement of facts to indicate the State has any jurisdiction over them. If we were to indulge a presumption we might as well presume them to be County roads. We do not know and are unable to discover from the record. Nor is there any showing by what authority the sign was put there. As a matter of fact, there is and was on the date of the accident a large black X across the face of it. Anyone might might have been justified in the conclusion it was a cancelled out sign and was not intended to be observed, and more especially since there was none on the opposite side. Certainly a stop sign erected without authority or maintained without it could impose no duty. So, under the record made here the sign was no protection for Daniels.

On the same theory Daniels seeks to apply the case of Wheeler v. Glazer, 137 Tex. 341, 153 S.W.2d 449, 140 A.L.R. 1301, and contends there was a difference in the quality of the negligence committed by the de-

fendants and the bus driver was guilty of negligence as a matter of law, because he disregarded the stop sign in violation of the Penal Code. What has already been said disposes of this contention. We are unable to distinguish between the negligence as found by the jury and are of the opinion the trial court was in error in rendering judgment against Wheelock and in favor of Daniels and in declining to award contribution to Wheelock under the record made in the case before us. See Kimbriel Produce Co. v. Mayo, Tex.Civ.App., 180 S. W.2d 504, writ refused, W.M.

For the reasons indicated it is directed that the judgment of the trial court be reversed and the cause in its entirety be remanded for another trial.